UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

| | |
|---|---|
| **Lindsay Rafferty** on behalf of herself and all other persons similarly situated, known and unknown,<br><br>Plaintiff,<br><br>vs.<br><br>**Denny's Inc.**, a Florida corporation,<br><br>Defendant. | _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Lindsay Rafferty ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former servers of Defendant ("Collective Members") and by and through the undersigned attorney(s), sues the Defendant, Denny's, Inc. ("Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2. Defendant owns and operates a chain of Denny's restaurants which are the subject of this lawsuit.

3. Defendant has a policy or practice of paying its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

4. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a

1

"tip credit" against its minimum wage obligations. But an employer is *not* permitted to take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (2) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); and (3) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Marsh v. J. Alexander's LLC*, 905 F.3d 610, 633 (9th Cir. 2018) (concluding that the plaintiff stated two claims for relief under the FLSA–"first, that he is entitled to the full hourly minimum wage for the substantial time he spent completing related but untipped tasks, defined as more than 20% of his workweek; and second, that he is entitled to the same for time he spent on unrelated tasks"); *Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but non-tipped duties should be paid at the full minimum wage for that time").

5.   Defendant violated the FLSA by paying servers sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA.

6. Defendant violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when it required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

7. Defendant violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was related to their tipped occupation, was performed for unreasonable amounts of time that were not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of their time worked in one or more individual workweeks.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because Defendant is a Florida corporation, acts giving rise to the claims of Plaintiff and Collective Members occurred within the Southern District of Florida, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

10. Plaintiff is an individual residing in Franklin County, Ohio, and is a former employee of Defendant.

11. Plaintiff was employed as a server at Defendant's Denny's restaurant located at 2943 S. Arlington Road, Akron, Ohio 44312 from approximately February 1, 2012 through approximately October 31, 2018.

12. At all material times, Plaintiff was paid by Defendant as a tipped employee under the FLSA.

13. Defendant employed Plaintiff to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

14. At all material times, Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

15. Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

16. At all material times, Defendant was a Florida corporation duly licensed to transact business in the State of Florida.

17. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in the Southern District of Florida.

18. Defendant is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

19. Under the FLSA, Defendant is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. Having acted in the interest of Defendant in relation to the company's employees, including Plaintiff, Defendant is subject to liability under the FLSA.

**DEFENDANT IS A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"**

20. Defendant is a corporately owned and operated chain of Denny's restaurants.

21. At all material times, Defendant has operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs related activities at its restaurants throughout the country by means of unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants.

22. Defendant constitutes a unified operation because it has organized the performance of its activities so that it is an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

23. Defendant runs each Denny's restaurant location identically, or virtually identically, and Defendant's customers can expect the same kind of customer service regardless of the location.

24. Defendant shares employees between restaurant locations.

25. Defendant shares common management between restaurant locations. The Denny's restaurants share common human resources and payroll services.

26. Defendant uses the trade name "Denny's" at its Denny's restaurant locations.

27. Defendant advertises for all its restaurant locations together on the same website. (*See* https://www.dennys.com last visited Oct. 16, 2019).

28. Defendant provides the same array of products and services to its customers at its Denny's restaurant locations. (*See* https://www.dennys.com/food/ last visited Oct. 16, 2019).

29. Defendant invites applicants to apply for its open server positions through a unified online job marketplace. The job description of "server" is identical across all of Defendant's

5

restaurant locations. (*See* https://careers.dennys.com/global/en/restaurant-crew last visited October 16, 2019). Part of that job description is the requirement of "[h]elping to keep our restaurants clean, completing side work, and organizing supplies as needed." (*See* https://careers.dennys.com/global/en/job/DENNGLOBAL349/Server last visited October 16, 2019).

30. This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

31. Part of that set formula is the wage violations alleged in this complaint.

**STATEMENT OF FACTS**

32. Denny's is a 24-hour, round-the-clock eatery, with hundreds of corporate-owned locations across the country. Because of the low profit margins associated with a diner that does not serve alcohol, in order to turn a profit, Denny's requires the wait staff employed at its locations to perform non-standard duties. As described in paragraphs 37 and 39, *infra*, a server at Denny's is asked to cover job tasks far afield from those normally associated with waiting on customers as a server at a restaurant. Despite knowing that servers have accepted employment as such with the understanding that they will be making money from tips, Denny's uses these servers such as Plaintiff and the Collective Members, as utility employees to make up the shortfall in accessible labor that the Denny's business model requires.

33. Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

34. Defendant paid Plaintiff and the Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the

requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendant did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the FLSA.

35. The prerequisites to taking a tip credit from the wages of an employee, which are set forth in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b), state that "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act." These include (1) the amount of cash wage that is to be paid to the tipped employee by the employer; (2) The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (3) That all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *Id*.

36. Defendant failed to inform Plaintiff and the Collective Members of (1) the amount of the tip credit being claimed by Defendant; (2) that the amount claimed by Defendant must not exceed the value of the tips actually received by Plaintiff and the Collective Members; and (3) that all tips received by Plaintiff and Collective Members must be retained by the Plaintiff and the Collective Members in the absence of a valid tip pooling arrangement limited to employees who customarily and regularly receive tips. As such, Defendant was not entitled to apply the tip credit to the wages paid to Plaintiff and the Collective Members.

37. Defendant regularly and frequently required Plaintiff and the Collective Members to perform a number of non-tipped duties **unrelated** to their tipped occupations, including but not

7

limited to: taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes and operating the dishtank; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; preparing delivery orders for Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

38. Defendant paid Plaintiff and the Collective Members a sub-minimum wage for all hours that Plaintiff and the Collective Members worked for Defendant, including the periods during which Plaintiff and the Collective Members were performing non-tipped duties.

39. Defendant regularly and frequently required Plaintiff and the Collective Members to perform a number of non-tipped duties **related** to their tipped occupation, including but not limited to: cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses. Defendant required Plaintiff and the Collective Members to perform such *related* non-tipped tasks more than occasionally or part of the time. Defendant required Plaintiff and the Collective Members to perform such *related* non-tipped tasks for unreasonable amounts of time that were not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's and the Collective Members' time worked in one or more individual workweeks.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

8

41. Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendant, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendant's compensation policies and practices.

42. Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendant in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

43. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff's and similarly situated employees' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendant within three years from the filing of this Complaint.

44. Upon information and belief, Defendant has employed thousands of tipped employees during the period relevant to this action.

45. The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

46. Because these similarly situated tipped employees are readily identifiable by Defendant and may be located through its records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

47. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff was subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## COUNT ONE
## FAIR LABOR STANDARDS ACT FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS

48. Plaintiff re-alleges paragraphs 1 through 47 as if set fully forth herein and further alleges the following.

49. Defendant did not inform Plaintiff and the Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

50. The prerequisites to taking a tip credit from the wages of an employee, which are set forth in 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b), state that "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act." These include (1) the amount of cash wage that is to be paid to the tipped employee by the employer; (2) The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (3) That all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *Id*.

51. Defendant failed to inform Plaintiff and the Collective Members of (1) the amount of the tip credit being claimed by Defendant; (2) that the amount claimed by Defendant must not exceed the value of the tips actually received by Plaintiff and the Collective Members; and (3) that all tips received by Plaintiff and Collective Members must be retained by the Plaintiff and the Collective Members in the absence of a valid tip pooling arrangement limited to employees who customarily and regularly receive tips. As such, Defendant was not entitled to apply the tip credit to the wages paid to Plaintiff and the Collective Members.

52. Defendant failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Collective Members worked for Defendant, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

53. As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendant.

54. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

55. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Lindsay Rafferty, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO**
**REQUIRED LABOR UNRELATED TO PRIMARY**
**DUTIES OF THE TIPPED OCCUPATATION OF SERVER**

56. Plaintiff re-alleges paragraphs 1 through 47 as if set fully forth herein and further alleges the following.

57. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., and 29 C.F.R. § 531.56(e) by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor unrelated to their tipped occupation over the course of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate. Examples of such non-tipped labor unrelated to the primary duties of the tipped occupation of server include, but are not limited to taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes and operating the dishtank; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; stocking ice; preparing delivery orders for Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes;

cutting lemons, limes, melons and strawberries; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

58. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

59. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Lindsay Rafferty, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Member's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE
### EXCESSIVE REQUIRED LABOR RELATED TO PRIMARY DUTIES OF TIPPED OCCUPATION

60. Plaintiff re-alleges paragraphs 1 through 47 as if set fully forth herein and further alleges the following.

13

61. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq. and 29 C.F.R. § 531.56(e) by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor *related* to their tipped more than "part of the time" or occasionally. Plaintiff and the Collective members performed such *related* non-tipped labor for unreasonable amounts of time that we not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate. Examples of such non-tipped labor *related* to their tipped occupation of servers include, but are not limited to, cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses.

62. Defendant failed and/or refused to pay Plaintiff and the Collective Members the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor related to their tipped occupation, despite requiring them to perform such for unreasonable amounts of time that was not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, for each and every workweek that Plaintiff and the Collective Members were employed by Defendant, in violation of 29 U.S.C. § 206(a).

63. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor elated to their tipped occupation, but in excess of 20% of any given workweek, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

64. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Lindsay Rafferty, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Member's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all claims so triable.

Date: November 13, 2019

Respectfully submitted,

By: /s/ *John R. Byrne*
John R. Byrne
 Fla. Bar No. 126294
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Miami, Florida 33134
Telephone: (305) 740-1975
Email: jbyrne@leoncosgrove.com

BENDAU & BENDAU, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (*pro hac vice forthcoming*)
Christopher J. Bendau
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice forthcoming*)
Andrew J. Simon
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com


CARLSON LYNCH, LLP

By: /s/ *Edward W. Ciolko*
Edward W. Ciolko (*pro hac vice forthcoming*)
Matthew D. Brady
1133 Penn Ave, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
Email: eciolko@carlsonlynch.com


CONNOLLY WELLS & GRAY, LLP

By: /s/ *Gerald D. Wells, III*
Gerald D. Wells, III (*pro hac vice forthcoming*)
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: 610-822-3700
Facsimile: 610-822-3800
Email: gwells@cwglaw.com
Email:  rgray@cwglaw.com


*Counsel for Plaintiff and Proposed Collective Members*