**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:19-CV-24706-DLG

Lindsay Rafferty

    Plaintiff,

v.

Denny's Inc., a Florida Corporation,

    Defendant.

_____/


**ORDER**

    **THIS CAUSE** comes before the Court upon Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law ("Motion for Summary Judgment") [D.E. 73].

    **THE COURT** has reviewed the Motion, the Statement of Undisputed Material Facts [D.E. 74], the Responses [D.E. 77, 78], the Replies [D.E. 79, 80], the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated herein, Defendants' Motion for Summary Judgment is **GRANTED**.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Lindsay Rafferty worked as a server at a corporate-owned Denny's restaurant located in Akron, Ohio from February 1, 2012, until October 31, 2018. On November 13, 2019, Plaintiff initiated the instant lawsuit against Defendant Denny's Incorporated ("Denny's"), alleging violations of the Fair Labor Standards Act

of 1938, as amended 29 U.S.C. §§201 et seq. ("FLSA")[D.E 1]. More specifically, Plaintiff alleges that Denny's paid its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA [D.E.1].

Plaintiff also alleges that Denny's failed to comply with the strict notification requirements of Section 203(m) of the FLSA, which are a prerequisite to an employer taking a "tip credit" against the servers' wages [D.E. 58]. Finally, Plaintiff alleges that Denny's requires its servers to perform non-tipped labor, or "sidework," related and unrelated, to their tipped occupation while paying them at the tip credit rate. [D.E. 58]. This "sidework" includes preparing pancakes, salad, soups, fruits and deserts, greeting and seating guests, working the cash register, answering the phone, taking and fulfilling to-go orders, sweeping the floors, cleaning the coffee machines, microwaves, blenders, refrigerators, freezers, syrup bottles, table caddies, and other areas of the restaurant. [D.E. 78-1].

On July 24, 2020, the Defendant filed the subject Motion for Summary Judgment and Statement of Undisputed Material Facts [D.E. 73, 74]. On August 7, 2020, the Plaintiff responded [D.E. 77, 78], and on August 14, 2020, Plaintiff replied [D.E. 79, 80].

## II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The initial burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.  After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party must come forward with "specific facts showing that there is a genuine issue for trial."  Id. at 587.

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986); see also Moorman v. UnumProvident Corp., 464 F.3d 1260, 1267 n.1 (11th Cir. 2006) ("Credibility determinations at the summary judgment stage are impermissible.").  In making this determination, the Court must decide which issues are material.  A material fact is one that might affect the outcome of the case.  See Anderson, 477 U.S. at 248.  Notably, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude

3

the entry of summary judgment.   Factual disputes that are irrelevant or unnecessary will not be counted."   Id.

The Court must also determine whether the dispute about a material fact is indeed genuine.   "Where the record taken as a whole would not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'" and the court may grant the motion for summary judgment.   Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co., 475 U.S. at 586–87).   If however, reasonable minds could disagree on the inferences arising from the material facts, then the Court must deny the motion for summary judgment.   Anderson, 477 U.S. at 248.   In other words, is the "evidence ... such that a reasonable jury could return a verdict for the nonmoving party."   Id.; see Marine Coatings of Alabama, Inc. v. United States, 932 F.2d 1370, 1375 (11th Cir. 1991) ("A dispute [of fact] is 'genuine,' if the evidence is such that a reasonable jury could return a verdict for the nonmovant.") (citation omitted).

## III.  DISCUSSION

### A. Tip Credit Notice

#### i. 29 U.S.C. § 203(m)

Defendant argues summary judgment should be granted as to Count One of Plaintiff's Complaint, which alleges, Defendant failed to provide Plaintiff with sufficient notice of the tip-credit

provisions, as required by 29 C.F.R. § 531.59(b) and 29 U.S.C. § 203(m).

29 C.F.R. § 531.59(b) provides,

[A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

Defendant has provided a copy of the Employee Guidebook, which explains the concept of a tip-credit, and an Employee Information Sheet signed by the Plaintiff, which states the applicable minimum wage, and the subminimum hourly rate at which Plaintiff was paid. Defendant then provides Plaintiff's signed Orientation Checklist,

which displays a "checkmark" next to "tips". An affidavit by Amber Demattio, the Denny's Restaurant Manager who trained Lindsay Rafferty at the outset of her employment, explains that the orientation segment entitled "tips" involves a discussion with the new employee about tip-credit payments. [D.E. 74-4]. According to her affidavit, Demattio explained the minimum wage at the time; the subminimum hourly rate at which Plaintiff would be paid; that the difference between the hourly pay rate and the minimum wage rate was the expected "tip credit" amount; that Defendant would not claim a tip credit for more than what Plaintiff reported she earned in tips during the week; that in the event Plaintiff earned less than minimum wage after accounting for her reported tips, Defendant would pay her a "true up" payment to make up the difference; that Plaintiff was to keep all the tips that she received during her shifts; and that only those who received the tip credit information would be paid on a tip credit basis [D.E. 74-14]. Defendant also provides copies of the Department of Labor posters which explain the "tip-credit," and display the minimum wage and the tipped employee wage [D.E. 74-6]. Plaintiff, in her deposition testimony, stated that she remembered seeing these posters in the breakroom [D.E. 74-2]. Finally, Defendant provided excerpts of the Plaintiff's deposition, in which she confirms she was aware of the applicable minimum wage, her hourly payrate, and the tipped-credit

provision, which permits Defendant to pay tipped employees a subminimum hourly wage [D.E. 78-1].

Defendant has provided evidence showing that Plaintiff received the required notice of the tip credit provisions during her orientation facilitated by Amber Demattio. Much of this information was reiterated in Plaintiff's Employee Guidebook, and on posters posted in the employee breakroom. Plaintiff seeks to refute Demattio's affidavit with excerpts of Plaintiff's deposition, and the deposition of Defendant's District Manager, William Skiff. However, Plaintiff, nor Mr. Skiff make any statements that controvert Demattio's affidavit. Plaintiff explains that she does not remember the information she received during her orientation, and therefore, could not say whether she received notice of the tip credit provisions. Similarly, Skiff did not controvert Demattio's affidavit, but simply stated that he did not have any information to confirm her statements regarding the notice she provided to Plaintiff.

ii. 29 C.F.R. § 516.28(a)(3)

Plaintiff also argues that Defendant failed to provide her with notice each time the tip-credit amount claimed by the Defendant was changed from the amount per hour taken in the preceding week, as required by 29 C.F.R. § 516.28(a)(3). In support of this argument, Plaintiff states that the Sixth Circuit, in upholding a judgment in favor of an employee-plaintiff, found "that

'evidence also supports district court's finding that the Defendants failed to make the employees aware of the' tip credit amount." [D.E. 77]. However, Plaintiff omitted perhaps the most important consideration of that court. The opinion, inclusive of the language omitted by the Plaintiff, reads, "[t]he evidence also supports the district court's finding that the Defendants failed to make the employees *aware of the existence of the tip credit* or its amount, as required by 29 U.S.C. § 203(m) and 29 C.F.R. § 516.28(a)(3)." U.S. Dep't of Labor v. Cole Enterprises, Inc., 62 F.3d 775, 780 (6th Cir. 1995)(emphasis added).[1]

Here, Defendant has provided evidence showing Plaintiff was provided both oral and written notice of the tip credit provisions, and the amount of the tip credit taken by Defendant is shown on each of Plaintiff's Sign Off Reports, and Time Records [D.E. 74-8, 9, 10]. Further, Plaintiff has provided no evidence controverting Defendant's showing. Therefore, the Court concludes

---

[1] Plaintiff argues, for the first time in her Response to Defendant's Motion to Dismiss, that in addition to failing to provide initial notice of the tip credit provisions, Defendant failed to provide subsequent notice to employees each time the tip credit amount claimed by Denny's changed from the previous amount claimed, as required by 29 C.F.R. § 516.28(a)(3). The Court need not consider this argument at this time because Plaintiff did not allege this theory in her complaint. Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."). However, notably, Defendant provided evidence that this information was provided to employees through their online "Workday" portals. Such notice is sufficient to satisfy the 29 C.F.R. § 516.28(a)(3) requirement. An employer who has provided the required information to its employees is not required to ensure that the employees actually review the information provided, as suggested by the Plaintiff.

that there is no genuine issue of material fact regarding the Defendant's compliance with the tip credit notice requirements set forth in 29 U.S.C. § 203(m) and 29 C.F.R. § 516.28(a)(3). As such, Defendant is entitled to summary judgment with respect to this claim.

### B. Dual Jobs Claim, 80/20 Rule

Generally, every employer must pay to its employees a minimum of the hourly rate set forth in 29 U.S.C.A. § 206. An exception exists whereby employers may pay employees in a "tipped occupation" an hourly rate below the minimum wage as long as the employee's tips amount to the difference between the subminimum hourly cash wage and the current federal minimum wage.

A "tipped" employee is defined as an employee who customarily and regularly receives $30 or more in tips per month. 29 C.F.R. § 531.56. Employees who perform both tipped and non-tipped work may be entitled to the full minimum wage for their time spent performing non-tipped duties that are unrelated to their tipped occupation. In these instances, the employee is considered to have "dual jobs". Per 29 C.F.R. § 531.56(e),

> An employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee

only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man.

Plaintiff alleges, in Count Two, that Defendant failed to pay her at the federal minimum wage for tasks "unrelated to primary duties of the tipped occupation of server." [D.E. 1]. The Department of Labor, through its November 8, 2018 Opinion Letter, has stated, "[d]uties listed as core or supplemental for the appropriate tip-producing occupation in the Tasks section of the Details report in the Occupational Information Network (O*Net)…shall be considered directly related to the tip-producing duties of that occupation." U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2018-27 (Nov. 8, 2018). The list of tasks related to a server position, as provided through O*Net, includes, in part, taking orders; processing customer payments; communicating with kitchen personnel; collecting dishes; garnishing and presenting food or beverages to customers; cooking and preparing food to be cooked; cleaning food service areas, food preparation areas, facilities, and equipment; stocking serving stations with food and supplies; and providing customers with general information or assistance.

Plaintiff, in her deposition, states that in addition to serving customers, she was responsible for preparing certain food

items, greeting and seating guests, working the cash register, taking and fulfilling to-go orders, cleaning tables and condiments, sweeping the floors, cleaning coffee machines, microwaves, blenders, refrigerators, and freezers. Each of these tasks is listed as a core or supplemental duty of a server on O*Net. Therefore, they are directly related to the Plaintiff's tipped server position. As stated in the Department of Labor Field Operations Handbook, "29 CFR 531.56(e) permits the employer to take a tip credit for any time the employee spends in duties related to the tipped occupation, even though such duties are not themselves directed toward producing tips." U.S. Dep't of Labor, Field Operations Handbook, § 30d00(f)(2) (rev. Feb. 15, 2019).

Plaintiff further alleges that she performed non-tipped duties related to her tipped occupation for more than 20 percent of her regular workweek, and therefore, Defendant was not entitled to a "tip credit" on the time she spent performing non-tipped duties. This claim relies on an outdated Department of Labor Opinion Letter, which set forth what is known as "the 20% rule". The 20% rule provided, "where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties." U.S. Dep't of Labor, Wage & Hour Div., Field Operations Handbook §

30d00(e) (Dec. 9, 1988). Circuit splits developed as to whether the DOL's Opinion Letter and the 20% rule it created was entitled to judicial deference. See Fast v. Applebee's Int'l, Inc., 638 F.3d 872, 879 (8th Cir. 2011) (concluding, the DOL's interpretation of § 531.56(e) was entitled to *Auer* deference, and applying the 20% rule.); Marsh v. J. Alexander's LLC, 905 F.3d 610, 623 (9th Cir. 2018) (agreeing with the Eighth Circuit that the DOL's Guidance is entitled to Auer deference, and applying the 20% rule)(citing Fast, 638 F.3d at 880-81); See also Pellon v. Bus. Representation Int'l, Inc., 528 F. Supp. 2d 1306, 1313-14 (S.D. Fla. 2007), aff'd, 291 F. App'x 310 (11th Cir. 2008)(recognizing the 20% rule was infeasible, and granting summary judgment where the plaintiff could not determine the exact percentage of time she spent on "sidework"); Niles v. Denny's Inc., No. 616CV999ORL40TBS, 2016 WL 11578816, at *5 (M.D. Fla. Oct. 20, 2016), report and recommendation adopted, No. 616CV1000ORL40TBS, 2017 WL 11002285 (M.D. Fla. Feb. 21, 2017) (stating, "the waters are muddy" with regard to whether the 20% rule is entitled to judicial deference).

On November 8, 2018, the DOL issued an Opinion Letter recognizing the confusion caused by the 20% rule, and stating, "[w]e do not intend to place a limitation on the amount of duties related to a tip-producing occupation that may be performed, so long as they are performed contemporaneously with direct customer-service duties." On February 15, 2019, the DOL issued its Field

12

Assistance Bulletin confirming, "WHD will no longer prohibit an employer from taking a tip credit based on the amount of time an employee spends performing duties related to a tip-producing occupation that are performed contemporaneously with direct customer-service duties or for a reasonable time immediately before or after performing such direct-service duties."

Plaintiff, in her Response, argues that this Court should follow the reasoning of courts in other circuits, which have disregarded the new DOL guidance in favor of the DOL's prior guidance and the 80/20 Rule. The Court rejects this argument. Although there is very limited guidance from the Eleventh Circuit on this issue, the affirmance of *Pellon* provides some insight on the Eleventh Circuit's position. In *Pellon*, the district court identified the impracticality of the 20% rule, noting that the parties would have to keep track of the employee's activities "every day minute by minute." The DOL's new guidance cites *Pellon* and addresses these concerns directly by replacing the 20% rule with a more practical method of determining of whether an employee is engaged in "dual jobs". Under the new guidance, the courts should consider whether the employee is engaged in related non-tipped activities contemporaneously with their tipped work. Here, Plaintiff's deposition reveals that she often carried out her non-tipped responsibilities contemporaneously with her tipped activities. She states that she believes she completed these tasks

before or after her serving shift about 30% of the time, but then admits that figure to be a "guess", and agrees that there is no way of knowing which days she carried out these activities before of after completing her tipped activities. The Plaintiff has also not provided any evidence in response to Defendant's Motion showing that Plaintiff conducted "sidework" at any time that was not contemporaneous with her tip-related activities. Therefore, Defendant is entitled to summary judgment on this issue.

### C. Statute of Limitations

Defendants argue Plaintiff's claims are time-barred because they were brought outside of the applicable limitations period set out in 29 U.S.C.A. § 255. Generally, a claim for a violation of the Fair Labor Standards Act is subject to a two-year statute of limitations. 29 U.S.C.A. § 255. However, "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." Id. The standard of "willfulness" is met where the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988).

Plaintiff argues, in response, that Defendant willfully failed to maintain a record of the hours Plaintiff conducted non-tip producing functions, as required by 29 C.F.R. § 516.28(a)(4). As held by the Eleventh Circuit, district courts should reserve

ruling on whether a FLSA violation was willful where a triable issue of fact exists as to whether such a violation occurred at all. <u>Allen v. Bd. of Pub. Educ. for Bibb Cty.</u>, 495 F.3d 1306, 1324 (11th Cir. 2007)("the district court's ruling that the two-year limitation applies is reversed and a determination of which statute of limitations to apply must be reserved until it is determined whether a violation of the FLSA occurred in this case.").

Plaintiff was employed by Defendant between February 2012, and November 2018 [D.E. 74-2]. She filed this action on November 13, 2019. Therefore, Defendant is entitled to Summary Judgment on all claims involving Plaintiff's employment prior to November 13, 2016.

**IV.   CONCLUSION**

Accordingly, it is hereby

**ORDERED AND AJUDGED** that Defendant's Motion for Final Summary Judgment [D.E. 73] is hereby **GRANTED**. It is further

**ORDERED AND AJUDGED** that the Clerk of Court shall **CLOSE** this case.  All pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in chambers at Miami, Florida, this <u>4th</u> day of September, 2020.

s/Donald L. Graham
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record