**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

LINDSAY RAFFERTY, on behalf of
herself and all others similarly situated,
known and unknown,

      Plaintiff,                            Case No. 1:19-cv-24706-DLG

v.

DENNY'S INC., a Florida Corporation,

      Defendant.
_____/

**MOTION AND INCORPORATED MEMORANDUM OF LAW FOR AWARD OF
ATTORNEYS' FEES AND COSTS PURSUANT TO THE FAIR LABOR STANDARDS
ACT, 29 U.S.C. § 216(b)**

      Plaintiff, Lindsay Rafferty ("Plaintiff" or "Ms. Rafferty"), by and through her

undersigned counsel, files this Memorandum of Law in support of Motion for Award of

Attorneys' Fees. As set forth below, attorneys' fees are warranted, and in fact required, because

Plaintiff is the prevailing party with respect to claims under the Fair Labor Standards Act

("FLSA"). Further, the costs incurred by Ms. Rafferty's counsel are well documented and

warrant reimbursement by Defendant Denny's, Inc. ("Denny's" or "Defendant"). This Motion is

further supported by the attached declaration exhibits.

**I.      INTRODUCTION**

      It is well established that an award of attorneys' fees to a prevailing plaintiff is

mandatory under Section 216(b) of the Fair Labor Standards Act ("FLSA"). In the instant

matter, there can be no serious debate that Plaintiff is the prevailing party. Indeed, even in the

Settlement Agreement (ECF No. 100-1), Defendant acknowledges that Plaintiff's counsel is

entitled to fees and costs. Thus, the sole issue in this Motion is the proper amount of fees and costs.

As set forth below, throughout this litigation, Plaintiff's counsel exercised "billing judgment" and took appropriate steps to avoid inappropriate or excessive billing. In addition to those efforts, Plaintiff's counsel now doubles down on their restraint by avoiding seeking reimbursement for work done (i) on this matter in other district courts, (ii) in seeking collective certification, and (iii) on a purely supervisory basis. In short, as set forth below, this litigation has been long, contentious, and hard fought. Despite that, Plaintiff's counsel was able to achieve a victory at the Eleventh Circuit that then culminated in a settlement wherein Plaintiff received full reimbursement for the entire tip credit claimed by Defendant, as well as all liquidated damages arising therefrom. These efforts, respectfully, warrant a granting of this Motion.[1]

## II.     STATEMENT OF FACTS

Plaintiff was a server who worked for Denny's in Akron, Ohio between February 2012 and October 2018.  At all relevant times, Ms. Rafferty was paid an hourly, subminimum wage equivalent to the tip credit rate, sometimes also known as the tipped minimum wage.

Ms. Rafferty sued Denny's in the Northern District of Ohio on October 17, 2018 individually, and on behalf of all others similarly situated.  In her Complaint, Plaintiff alleged that she and those similarly situated did not receive the applicable minimum wage for the time worked during which she could not receive a tip and that she should have been paid the full minimum wage, rather than the tipped minimum wage, for such time.  Plaintiff sought her unpaid wages, liquidated damages, and attorneys' fees and costs.

---

[1] As a sister court aptly noted, "it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Matiano v. 5th Ave. Tree Experts,* No. 20-23972, 2021 U.S. Dist. LEXIS 8877 (S.D. Fl. Jan. 15, 2021) (internal quotation omitted).

On July 8, 2019, the Northern District of Ohio granted in part Denny's Motion to Dismiss for lack of personal jurisdiction on the grounds that, under *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017), exercising personal jurisdiction over out-of-state putative class action claimants would violate due process where the case is not brought in the state where the defendant is incorporated or in defendant's principal place of business. *Rafferty v. Denny's, Inc.*, 2019 WL 2924998 (N.D. Oh. July 8, 2019). Accordingly, Plaintiff dismissed her claims in the Northern District of Ohio and refiled in the Southern District of Florida.[2]

Plaintiff's complaint before this Court asserted that Defendant violated the FLSA in two distinct ways—that Denny's failed to comply with the notice provisions regarding use of the tip credit and that, as asserted in Ohio, Plaintiff did not receive the applicable minimum wage for the time worked during which she could not receive a tip. After Defendant filed its answer, discovery commenced in earnest. Plaintiff propounded and served document requests, interrogatories, and requests for admissions, while Defendant propounded written discovery. Defendant took the deposition of Plaintiff, and Plaintiff's counsel took the deposition of Defendant's corporate designee pursuant to Federal Rule of Civil Procedure 30(b)(6).

Thereafter, Plaintiff filed her motion for conditional certification, (ECF No.. 58), which the Court denied [ECF No. 75]. Shortly thereafter, and only months before trial was scheduled to commence, the parties fully briefed Defendant's Motion for Summary Judgment [ECF No. 73]. The Court granted Defendant's motion in full [ECF No. 84]. In its opinion, the Court held that Defendant was entitled to summary judgment because, in its determination, Ms. Rafferty's deposition testimony, combined with the Department of Labor's November 8, 2018 Opinion

---

[2] This motion seeks only attorneys' fees for work performed on this matter after the dismissal of Ms. Rafferty's case from the Northern District of Ohio.

Letter FLSA2018-27, left no genuine issue of material fact as to whether Denny's was entitled to take the tip credit for such time. *Id*.

Ms. Rafferty timely appealed the decision on September 20, 2020 [ECF No. 85].  The parties participated in an unsuccessful appellate mediation, fully briefed the issues on appeal, and engaged in oral argument. Declaration of Clifford P. Bendau, II, attached as "**Exhibit 1**" ("Bendau Decl.").  Importantly, prior to oral argument, Plaintiff's counsel had to respond to an inquiry by the Eleventh Circuit regarding the individuals who opted-into this action. Bendau Decl., Ex. 1, at ¶ 23. On September 15, 2021, the Eleventh Circuit issued an opinion reversing and remanding this Court's decision with respect to the side work claim. *Rafferty v. Denny's, Inc.,* 13 4th 1166 (11th Cir. 2021). Thereafter, the parties engaged in settlement discussions, as the parties understood that trial would commence in short order. Bendau Decl., Ex. 1, at ¶ 25. The parties came to terms on an agreement. *Id.* The proposed settlement agreement included payment for all wages owed, not just time spent performing side work. *Id*. Stated another way, the proposed settlement accounts for both claims at issue in Plaintiff's complaint—not just the side work issue for which the Eleventh Circuit issued a remand. *Id.* Prior to reaching an accord on the terms of the proposed settlement, Plaintiff's counsel was required to perform additional research regarding the tax implications of certain proposed terms. *Id.* at ¶ 26. Thus, even at the end of this case, Plaintiff's counsel was required to expend additional time and perform research due to novel/unique issues raised in this case. *Id.*

Importantly, the proposed settlement agreement noted that Plaintiff's counsel was entitled to attorneys' fees [ECF No. 100-1, at ¶ 12]. It, however, left to the Court to determine

the precise amount of attorneys' fees and, thus, the instant motion.[3] *Id.* Plaintiff now files her motion for attorneys' fees and costs against Denny's, Inc. All told, Plaintiff's counsel expended hundreds of hours litigating this matter and a substantial fee award is appropriate.

**III.   STANDARD AND ARGUMENT**

Under the FLSA, courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).   The Eleventh Circuit has set out a three-step process for determining whether and to what extent an FLSA plaintiff is entitled to an award of attorneys' fees and costs. *Atlanta Journal & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).   Those three steps are as follows:

(1) Determine whether the plaintiff "prevailed" in the litigation;

(2) Calculate the "lodestar," which is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate; and

(3) Adjust the lodestar to account for the results obtained.

*Id.*

As shown below, by virtue of both Plaintiff prevailing in the Eleventh Circuit and the settlement agreement, the Plaintiff is the "prevailing party."   Indeed, per the settlement agreement, there is no dispute regarding Plaintiff's counsel being entitled to fees. The only issue is the amount. As a result, Plaintiff submits her lodestar, which is reasonable under the facts of this case.

---

[3] In the course of negotiating the settlement of this action, Plaintiff's counsel attempted to negotiate its fee request with Defendant directly, even providing copies of their billing sheets. However, Defendant elected to have this Court determine the appropriate amount to pay to Plaintiff's counsel.

**A.    Plaintiff is the Prevailing Party in this Matter and is Therefore Entitled to an Award of Her Reasonable Attorneys' Fees and Costs.**

By virtue of prevailing in the Eleventh Circuit and the settlement agreement in this matter, Plaintiff is the prevailing party.  "A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Courts in this Circuit have recognized that, "[w]here the parties have agreed to settle an FLSA dispute, the plaintiff, in order to be considered a prevailing party, must obtain a stipulated or consent judgment from the court 'evincing the court's determination that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Milie v. City of Savannah*, 2020 WL 4041118, at *3 (S.D. Ga. July 16, 2020) (*quoting Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (internal quotations omitted)).

Here, the parties' settlement agreement explicitly states that "Defendant acknowledges and agrees that Plaintiff is entitled to reasonable attorneys' fees and costs – subject to Court's determination regarding the amount as noted above."  By way of comparison, the court in *Milie* held that, because "the Court approved the parties' Agreement as fair a reasonable resolution, and Defendant does not dispute that Plaintiffs are entitled to fees per the Agreement," the plaintiff was the prevailing party and entitled to an award of attorneys' fees and costs.  *See also Garcia v. J&J,* No. 19-CV-60728, 2021 U.S. Dist. LEXIS 20468, **4-5 (S.D. Fl. Feb. 1, 2021) (finding plaintiffs entitled to fees where settlement agreement by parties indicated court would determine fee award). Because Defendant has acknowledged that Plaintiff is entitled to fees and costs, this Court should similarly find that Plaintiff is the prevailing party in this action and entitled to an award of reasonable attorneys' fees and costs.

### B.       Plaintiff's Counsel Provides Their Lodestar

Plaintiff's counsel agreed to represent Plaintiff on a contingency basis and has not received any payment for accrued attorneys' fees or out-of-pocket expenses.  Plaintiff's counsel are requesting attorneys' fees at the following varying hourly rates, hours, and total lodestar:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Gerald Wells | $600 | 217.75 | $125,112 |
| | | | |
| James L. Simon | $445 | 110.8 | $49,306 |
| | | | |
| Clifford P. Bendau, II | $445 | 71.4 | $31,773 |
| Christopher J. Bendau | $395 | 11.6 | $4,582 |
| | | | |
| Elizabeth Pollock Avery | $650 | 15.9 | $10,335 |
| James McGraw | $800 | 124.6 | $99,680 |
| Matthew Brady | $500 | 8.7 | $4,350 |
| Daniel Hart | $250 | 6.8 | $1,700 |
| | | | |
| John R. Byrne | $605 | 31.9 | $19,299.50 |
| Diana Zulueta | $325 | 1.3 | $422.50 |
| | | | |
| Totals | | 591.15 | $346,338 |

Courts have expressly approved many of these attorneys' hourly rates.  In addition, Plaintiff's counsel have obtained the declaration of Richard Tuschman, Esq. regarding the prevailing market rates in the Southern District of Florida. *See* Tuschman Decl. attached hereto as "**Exhibit 2**" ("Tuschman Decl.")[4] Further, as the declarations of Plaintiff's counsel make plain, counsel has complied with Local Rule 7.3(a)(5) as it identifies, *inter alia*, the identity, experience, and qualifications for each timekeeper for whom fees are sought.

Importantly, the attorney time set forth in the chart above does not include all the time

---

[4] While the prevailing rate in the Southern District of Florida is lower than many of the typical billing rate of many of the attorneys comprising Plaintiff's counsel, it is worth noting that as set forth in the accompanying declarations, a number of Plaintiffs' lawyers have had their rates approved by federal courts in other jurisdictions.

incurred by all attorneys who worked on this matter. Rather, Plaintiff's counsel exercised extreme billing judgment and elected not to include certain attorneys' time in their entirety due to those attorneys primarily contributing to this case in strategic planning and providing additional review of briefing and discovery. In addition, time spent working on this matter when it was in the Northern District of Ohio or on briefing the conditional certification motion was also not included. In essence, Plaintiff's counsel took all deliberative measures to ensure that no "excessive, redundant, or otherwise unnecessary hours . . . that would be unreasonable to bill to a client" were not included in this fee request. *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988).[5]

Below is a brief recitation of each law firm requesting fees in this case and a brief description of their contributions to this case. As demonstrated herein, each firm's requested rate and lodestar is reasonable and should be awarded.

### 1.      Connolly Wells & Gray LLP

Mr. Wells was the primary attorney from Connolly Wells & Gray, LLP ("CWG") who worked on this matter. *See* Declaration of Gerald D. Wells, III ("Wells Decl."), attached as "**Exhibit 3**," at ¶¶ 1-4. In exercising "billing judgment", Plaintiff's counsel has elected not to include the time of Mr. Wells's partners, as their time largely involved strategy sessions and revisions to Mr. Wells's work. *See generally* Wells Decl., Ex. 3.   Mr. Wells was largely responsible for, *inter alia*, taking the deposition of the Rule 30(b)(6) designee, drafting parts of the summary judgment response, drafting portions of the briefing before the Eleventh Circuit,

---

[5] "Importantly, 'if fee applicants do not exercise billing judgment, courts are obligated to do it for them.'" *Penn v. Dsm Logistics Corp V,* No. 20-CV-62216, 2021 U.S. Dist. LEXIS 122836,*8 (S.D. Fl. June 21, 2021) (quoting *ACLU v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999)). Because counsel has exercised billing judgment, Plaintiff's counsel respectfully submits there is no need for the Court to further deduct from counsel's time.

arguing before the Eleventh Circuit, and negotiating the settlement with Defendant. Using the Lodestar analysis, Plaintiff requests attorneys' fees in the amount of **$124,890** for 208.15 hours incurred by Gerald D. Wells, III at the hourly rate of **$600**.  Mr. Wells's hourly rate has been approved by other federal courts in analogous FLSA actions. *See* Wells Decl., Ex. 3, at ¶ 14.  In addition, Plaintiff also requests **$3,504.41** in out-of-pocket costs incurred on her behalf by CWG. *See* Wells Decl., Ex. 3, at ¶ 31.

### 2. The Law Offices of Simon & Simon

Mr. Simon was the primary attorney from The Law Offices of Simon & Simon ("Simon Law Firm") who worked on this matter. *See* Declaration of James Simon ("Simon Decl."), attached as "**Exhibit 4**," at ¶ 1. In exercising "billing judgment", Plaintiff's counsel has elected not to include any of Mr. Simon's time spent working on this matter while it was pending before the Northern District of Ohio or on the briefing of conditional certification. *See* Simon Decl., Ex. 4, at ¶ 5. Mr. Simon was largely responsible for, *inter alia*, client interface, defending Plaintiff's deposition, drafting parts of the summary judgment response, and drafting portions of the briefing before the Eleventh Circuit.

Using the Lodestar analysis, Plaintiff requests attorneys' fees in the amount of **$49,306** for 110.9 hours incurred by James L. Simon at the hourly rate of **$445**. Mr. Simon's hourly rate has been approved by other federal courts in analogous FLSA actions. *See* Simon Decl., Ex. 4, at ¶ 5.  In addition, Plaintiff also requests **$1,633.45** in out-of-pocket costs incurred on her behalf by The Law Offices of Simon and Simon.

### 3. Bendau & Bendau PLLC

Mr. Clifford Bendau was the primary attorney from Bendau & Bendau PLLC ("Bendau Law Firm") who worked on this matter. *See* Bendau Decl., Ex. 1, at ¶¶ 1, 3. In exercising

"billing judgment", Plaintiff's counsel has elected not to include any of Mr. Bendau's time spent working on this matter while it was pending before the Northern District of Ohio, briefing of conditional certification, or his strategic inputs/revisions. *See generally* Bendau Decl., Ex. 1. Setting those items aside, Mr. Bendau was largely responsible for, *inter alia*, drafting the instant motion, communicating with clients, and developing case strategy.

Using the Lodestar analysis, Plaintiff requests attorneys' fees in the amount of **$31,773** for 71.4 hours incurred by Clifford P. Bendau, II at the hourly rate of **$445**.  Mr. Bendau's hourly rate has been approved by other federal courts in analogous FLSA actions. *See* Bendau Decl., Ex. 1, at ¶ 40. In addition, Plaintiff requests attorneys' fees in the amount of **$4,582** for 11.6 hours incurred by Christopher J Bendau at the hourly rate of **$395**.  Christopher Bendau's hourly rate has been approved by other federal courts.  *See* Bendau Decl., Ex. 1, at ¶ 41. Plaintiff also requests **$50** in out-of-pocket costs incurred on her behalf by Bendau & Bendau PLLC.  *See* Bendau Decl., Ex. 1, at ¶ 46.

### 4.    Lynch Carpenter LLP

Several associates were involved in this litigation from Lynch Carpenter LLP (formerly Carlson Lynch LLP), including attorneys Elizabeth Pollock-Avery, James McGraw, and Matthew Brady and paralegal Daniel Hart. *See* Declaration of Edward W. Ciolko ("Ciolko Decl."), attached as "**Exhibit 5**," at ¶ 7. Lynch Carpenter's rates have been approved by several federal courts. *Id.* at ¶¶ 12, 14, 18, 23. Plaintiff, exercising substantial billing discretion, has decided not to request compensation for time expended by Edward W. Ciolko, a partner at the firm, who undertook a supervisory role in this litigation over the Lynch Carpenter associates. *Id.* at ¶ 8. These associates were involved in every step in this litigation, including researching and drafting the summary judgment response, assisting Attorney Wells with deposition preparation,

assisting in strategizing regarding settlement of Plaintiff's claims. *Id.* at ¶ 9. Accordingly, using the lodestar analysis, Lynch Carpenter requests $116,065 in attorneys' fees and $2,128.75 in costs. *Id.* at ¶¶ 7, 25.

Attached to each respective declaration is Plaintiff's counsel's lodestar records for the time that Plaintiff's counsel spent litigating this case, multiplied by their respective hourly rates. Each itemization also includes a computation of the out-of-pocket costs that Plaintiff's counsel has thus far incurred.

### 5.    León Cosgrove, LLP

Mr. John Byrne was the primary attorney from León Cosgrove, LLP ("León Cosgrove") who worked on this matter. *See* Declaration of John R. Byrne ("Byrne Decl."), attached as "**Exhibit 6**" at ¶ 7. Mr. Byrne served as local counsel and, thus, was responsible for keeping the rest of Plaintiff's counsel apprised of case developments and ensuring Plaintiff's counsel complied with the local rules of this Court. *See* Byrne Decl., Ex. 6, at ¶ 8.

Using the Lodestar analysis, Plaintiff requests attorneys' fees in the amount of **$19,722** for 33.2 hours incurred by Leon Cosgrove. *See* Byrne Decl., Ex. 6, at ¶¶ 11-12.  In addition, Plaintiff also requests **$2,231.91** in out-of-pocket costs incurred on her behalf by Leon Cosgrove. *See* Byrne Decl., Ex. 6, at costs summary

### C.    Plaintiff's Counsel's Lodestar is Reasonable and Should be Awarded in this Matter.

In determining an award of attorney fees in an FLSA action, "[t]here exists a strong presumption of the reasonableness of the lodestar amount."  *Saizon v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).  Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  *See Hensley v. Eckerhart*, 461 U.S. at 433.

To determine the reasonableness of the hourly rate and hours expended, the Court should consider the *Johnson* factors.  *Sheppard v. Hillsborough County Sheriff's Office*, 2013 WL 6116813, at *3 (M.D. Fla. November 20, 2013), *citing Blanchard v. Gergeron*, 489 U.S. 87, 94 (1989), *citing Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

These factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount in controversy and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.*

Notably, the "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). However, in determining the fee award, a district court "need not become 'green-eyeshade accountants.'" *Garcia*, 2021 U.S. Dist. LEXIS 20468, *6 (quoting *Fox v. Vice,* 563 U.S. 826, 838 (2011)). Rather, "the essential goal for the court is to 'do rough justice, not achieve auditing perfection.'" *Id.* Importantly, "neither the text nor the purpose of the FLSA, however, supports imposing a proportionality limit on recoverable attorneys' fees." *Matiano*, 2021 U.S. Dist. LEXIS 8877 *15 (quoting *Fisher v. SD Prot. Inc.,* 948 F.3d  593, 603 (2d Cir. 2020). Indeed, the Eleventh Circuit found no abuse of discretion where a district court declined to reduce a lodestar amount where defendant generally asserted that the fee award was excessive when compared to the jury verdict. *P&K Rest. Enter., LLC v. Jackson,* 758 F. App'x 844, 850-51 (11th Cir. 2019).

### 1.   The time and labor required

As described in the accompanying Declarations, Plaintiff's Counsel together have devoted **557.95** hours to this litigation at their varying respective hourly rates. *See* Exhibits A-F. In reaching this figure, Plaintiff's Counsel have exercised billing judgment, ensuring that only time appropriately charged to a paying client was included. Bendau Decl, Ex. 1, at ¶ 36. In addition, Plaintiff's Counsel allocated work efficiently to avoid duplication of effort. *Id.* Moreover, the attached Declarations report time only through December 8, 2021.[6]

The 557.95 hours Plaintiff's Counsel have expended thus far on this case were reasonably spent. Plaintiff's Counsel: (1) interviewed Plaintiff and her co-workers; (2) prepared and filed a complaint; (3) developed the strategy for prosecuting the claims in this case in the most efficient manner possible; (4) reviewed many pages of documents; (5) prepared detailed mediation briefs that included Plaintiff's Counsel's assessments of the case; (6) participated in two mediations; (7) fully briefed a motion for summary judgment; (8) fully briefed and argued an appellate brief, obtaining a reversal; (9) worked diligently with defense counsel to revise and finalize the settlement agreement; (10) worked to revise the motion for approval of the settlement; (11) drafted this motion for attorneys' fees and costs; and (12) responded to Plaintiff's inquiries throughout the litigation and settlement. Bendau Decl, Ex. 1, at ¶¶ 35, 44. The last two tasks are ongoing, and Plaintiff's Counsel's lodestar does not include the work that will be required as this matter proceeds. Indeed, all of the time spent was necessary in order to obtain this excellent result for Ms. Rafferty.

### 2.   The novelty and difficulty of the question presented

---

[6] Should it be necessary, Plaintiff's Counsel will submit a supplemental submission detailing the time spent drafting and filing any reply or other work done in order to obtain closure in this matter.

FLSA cases, especially those involving the tip-credit and tipped employees, are particularly complex and high-risk, and this case was no exception.  Indeed, during the pendency of this litigation, the Department of Labor's position on how sidework is compensable changed. The claims here involved nuanced questions of federal wage laws and created a substantial risk that Plaintiff would not recover.  Defendant raised several defenses, including contesting liability. Indicative of the complexity of this case, a novel issue was appealed to the Eleventh Circuit regarding what deference, if any, was due the Department of Labor's November 8, 2018 Opinion Letter FLSA2018-27 and whether Ms. Rafferty's deposition testimony was sufficient to preclude her from presenting her case to a jury.

Ultimately, the parties decided to resolve the case without proceeding to trial.  While Plaintiff believed that she would have prevailed at trial, the outcome was by no means certain as evidenced by this Court's initial grant of summary judgment. That Plaintiff's counsel was able to obtain a full recovery speaks to the quality of counsel involved. In short, the hours expended by Plaintiff's counsel were reasonable given the legal issues involved and the vigorous defense provided by Defendant's counsel.

### 3.    The skill requisite to perform the legal service properly

The legal issues raised by this FLSA action were sophisticated and required extensive knowledge of the law, despite its otherwise straightforward nature.  The FLSA is a complex statute, requiring strong legal skills necessary to identify issues, research them, resolve them, and then lay them out persuasively for the court.  The FLSA requires counsel who understand its intricacies and nuances.

Due to the complexity of the issues presented, this case required Plaintiff's Counsel to be well-versed in issues of collective actions, FLSA law, and difficult damages analyses.  Each of

these areas alone involves nuanced legal and practical challenges, and their intersection makes for particularly difficult litigation. Indeed, even at the Circuit level, the Court sought further clarification which required input from this Court and Plaintiff's counsel.

For these reasons, Plaintiff very likely would not have obtained such results without the assistance of Plaintiff's counsel.

### 4.    Preclusion of other employment

Beyond the time constraints placed on an attorney by the fact of accepting and litigating a case, Plaintiff's counsel was not significantly precluded from other work because of this representation.

### 5.    Customary fee

This factor is outlined extensively, above, in Sections II(A) and (B), above. For the Court's convenience, and in order to avoid repetition, Plaintiff's counsel refers to those Subsections above.

### 6.    Whether the fee is fixed or contingent

The representation agreement between Plaintiff and Plaintiff's counsel was based on a contingency fee.  However, Plaintiff's counsel are entitled to their reasonable attorney fees at their respective hourly rates because a fee award in an FLSA action is not contingent upon a party's obligation to pay counsel or the amount of the recovery.  Indeed, the Eleventh Circuit has clearly articulated that counsel for a prevailing plaintiff should fully recover all reasonable attorney fees, regardless of the specific amount of the plaintiff's recovery.  *Rodriguez v. Molina Healthcare Inc.*, 806 Fed.Appx. 797, 806 (11th Cir. 2020), *citing Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994). As the Sixth Circuit aptly noted in *Fegley*:

> The purpose of the FLSA attorney fees provision is to insure effective access to judicial process by providing attorney fees for

> prevailing plaintiffs with wage and hour grievances. Since such claims frequently are for small amounts of money, courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourages the vindication of congressionally identified policies and rights. Indeed, we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.

*Fegley*, 19 F.3d at 1134-35 (internal quotations and citations omitted).

Moreover, "[i]n general, a fee-shifting statute 'controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer.' *Venegas v. Mitchell*, 495 U.S. 82, 90, 110 S.Ct. 1679, 1684 (1990). The payment of attorney's fees is part of the penalty for violating the substantive statute." *Id.*

Additionally, because the agreement between Plaintiff and Plaintiff's counsel is contingent upon the outcome of the matter, this Court may adjust upward Plaintiff's Counsel's hourly rate: "The Court may also look to the contingent nature of the of the fee and the carrying costs of counsel faces and adjust the hourly rate upward." *Silva v. Miller*, 547 F.Supp. 1299, 1305 (S.D. Fla. 2008) ("The criterion for the Court is what is reasonable– not what the parties agree"). *See also Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2007) ("It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker").

Here, Plaintiff's counsel undertook to represent Plaintiff on the understanding that, were Plaintiff not to prevail, Plaintiff would owe nothing to counsel. In addition, Plaintiff's counsel

fronted all out-of-pocket expenses and, if Plaintiff were not to prevail in this matter, would not have received reimbursement from Plaintiff for such outlays.

### 7. Time limitations imposed by the client or circumstances

There was no time limitation imposed by either the client or the circumstances.

### 8. Amount involved and results obtained

After years of litigation in multiple district courts and achieving a reversal in the Eleventh Circuit, Plaintiff has obtained all the relief she could possibly have been entitled to under the FLSA.  Indeed, the settlement provides for Denny's to forfeit entirely the tip credit imposed on Ms. Rafferty's wages, plus an additional equal amount as liquidated damages under the FLSA.  Plaintiff's counsel submits that they have obtained excellent results and have assisted Plaintiff in recovering double the amount of back wages Defendant owed her.  This result is particularly strong given the risks Plaintiff faced had she gone to trial, including the substantial risk that she would have recovered nothing.

### 9. Experience, reputation, and ability of the attorneys

Plaintiff'' Counsel's experience, reputation, and ability, which are detailed in the accompanying declarations, support the requested fee award.

### 10. The "undesirability" of the case

The risk and complexity summarized above demonstrate that recovery was not guaranteed.  This fact underscores the appropriateness of the requested fee in this case.

### 11. The nature and length of the professional relationship with the client

This is the only matter on which Plaintiff's counsel has represented Plaintiff.  Ms. Rafferty first approached Plaintiff's Counsel in August 2018 seeking legal advice as to whether Defendant had improperly failed to compensate minimum wages to her and her coworkers.

Plaintiff's decision to retain Plaintiff's Counsel was based on counsel's experience pursuing claims under the FLSA. Throughout the litigation, counsel has maintained a close and productive relationship with Plaintiff.

### 12. Awards in similar cases

As demonstrated above, the requested fees and costs are based on the lodestar method and are consistent with Eleventh Circuit authority and with fees awards decided in similar cases in this jurisdiction. Indeed, in another case involving claims of FLSA violations that settled on the eve of trial, a sister court in this District awarded over $159,000 in attorneys' fees and $10,240 in costs. *Garcia v. J&J,* No. 19-CV-60728, 2021 U.S. Dist. LEXIS 20468 (S.D. Fl. Feb. 1, 2021). Importantly, however, the *Garcia* case did not involve any appellate work. *Id.*

## IV. PLAINTIFF IS ALSO ENTITLED TO HER REASONABLE ATTORNEY FEES FOR TIME HER COUNSEL EXPENDED IN PREPARING THIS MOTION.

A party that is entitled to an award of attorneys' fees is also entitled to compensation for time expended on an application for attorneys' fees. *Gary v. Carbon Cycle Arizona LLC*, 398 F.Supp.3d 468, 479 (D. Ariz. August 16, 2019) (awarding an FLSA plaintiff's attorneys' fees for time spent preparing the fees application because "it would be inconsistent to dilute a fees award by refusing to compensate attorneys for time they reasonably spent in establishing their rightful claim to the fee"), *citing In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985); *see also Land v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978) (same). Here, as shown in the accompanying declarations, Plaintiff's counsel has included time spent drafting and finalizing this motion. In addition, Plaintiff's counsel will supplement this motion with their lodestar incurred in drafting her anticipated forthcoming reply. Importantly, Plaintiff's counsel sought to negotiate its fees with Defendant absent Court intervention.

## V.    PLAINTIFF IS ALSO ENTITLED TO AN AWARD OF HER OUT-OF-POCKET EXPENSES, WHICH ARE REASONABLE.

"'Under the Fair Labor Standards Act, costs ['of the action'] include reasonable out-of-pocket expenses.' *Van Dyke v. BTS Container Serv., Inc.*, Civil No. 08-561-KI, 2009 WL 2997105, at \*2 (D. Or. Sept. 15, 2009) (citing *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002)." "Costs of the action "can include costs beyond those normally allowed under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. *Id.* (citing *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988) (FLSA's costs provision authorizes an award of costs as part of a "reasonable attorney's fee," which would not be authorized under Rule 54 of 28 U.S.C. § 1920). *Robledo v. Orellana*, 2012 WL 442122, \*3 (D. Oreg. February 10, 2012).

These out-of-pocket expenses have been incurred for the Plaintiff's benefit during this litigation. Reimbursement for reasonable out-of-pocket expenses that were "incidental and necessary to the representation of th[e] clients" is appropriate. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

The costs incurred and to be incurred by Plaintiff's counsel include filing fees, service costs, and deposition costs.  This figure is reasonable in light of the complexity and size of the action.  All of these costs were necessary in connection with the prosecution of this litigation and were made for the benefit of the Plaintiff.  Accordingly, they are reimbursable.  *See In re United Energy Corp. Sec. Litig.*, 1989 WL 73211, at \*6-7; *In re GNC Shareholder Litig.*, 668 F. Supp. 450, 452 (W.D. Pa. 1987); 1 Alba Conte, *Attorneys' Fee Awards* § 2.08 at 50-51 (2d ed. 1977).

As detailed in Plaintiff's counsel's declarations, Plaintiff requests reimbursement of the following out-of-pocket costs:

| | |
|---|---|
| Connolly Wells & Gray | $3,504.41 |

| The Law Offices of Simon & Simon | $1,633.45 |
|---|---|
| Bendau & Bendau PLLC | $50 |
| Lynch Carpenter | $2,128.75 |
| Leon Cosgrove | $2,231.91 |
| **Total** | **$9,548.52** |

## VI.  CONCLUSION

Accordingly, the Court should award Plaintiff her total attorneys' fees in the amount of

$346,338, and costs in the amount of $9,548.52, for a total of $355,886.52.

Dated: December 8, 2021                      Respectfully submitted,

**John R. Byrne**
  Florida Bar No. 126294
Email:  jbyrne@leoncosgrove.com
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33133
Telephone:  (305) 740-1975
Facsimile:  (305) 437-8158
*Counsel for Plaintiff*

**Clifford P. Bendau, II** *(Pro Hac Vice)*
Email:  cliffordbendau@bendaulaw.com
**VENDAU & BENDAU PLLC**
P.O. Box 97066
Phoenix, AZ 85060

**James L. Simon** *(Pro Hac Vice)*
Email:  jameslsimonlaw@yahoo.com
**LAW OFFICES OF SIMON & SIMON**
6000 Freedom Square
Freedom Square II – Suite 165
Independence, Ohio 44131

**Edward W. Ciolko** *(Pro Hac Vice)*
Email:  eciolko@carlsonlynch.com
James P. McGraw, III
Email:  jmcgraw@carlsonlynch.com
Matthew D. Brady
Email:  mbrady@carlsonlynch.com
**CARLSON LYNCH, LLP**
1133 Penn Ave, 5th Floor
Pittsburgh, PA 15222

**<u>Gerald D. Wells , III</u>** *(Pro Hac Vice)*
Email:  gwells@cwglaw.com
**CONNOLLY, WELLS & GRAY, LLP**
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19046

*Counsel for Plaintiff and Proposed Collective*