**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| LINDSAY RAFFERTY, on behalf of herself and all others similarly situated, known and unknown,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DENNY'S INC., A Florida Corporation,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 1:19-cv-24706-DLG |

<u>**DEFENDANT'S RESPONSE AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**</u>

　　Defendant, Denny's Inc., ("Denny's" or "Defendant"), hereby responds in opposition to Plaintiff's Motion for Award of Attorneys' Fees and Costs (the "Motion"), and states in support as follows:

**I.　　INTRODUCTION**

　　Plaintiff's counsel—an excessive and unnecessarily large team comprised of *eight* lawyers and *two* paralegals across the country—are seeking *$346,338* in attorneys' fees after recovering just *$4,500* for their sole client despite initially demanding more than $5,000,000. Plaintiff's counsel request is so far outside the realm of what this Court has found to be a reasonable attorney fee for similar cases that the Court should award Plaintiffs' counsel nothing in fees or no more than the bare minimum amount needed to recover just $4,500 for their client.

　　Plaintiff's counsel attempts to reframe and rewrite the narrative of this litigation to fit their story that Plaintiff is the overwhelmingly prevailing party in a complex and novel case. In reality, this case is a routine version of hundreds of similar tip credit cases which have been filed in Florida

over the past few years. Furthermore, Plaintiff's collective action efforts failed (which Plaintiff did not appeal), the District Court granted summary judgment in Defendant's favor, the Eleventh Circuit partly reversed on a discrete legal issue, and the parties amicably resolved the remaining issues in dispute. As such, in their Motion, counsel drives up their fees and costs monumentally surpassing the actual value of the litigation itself. As demonstrated below, similar attempts have often been rejected by this Court.

As argued below, not only should Plaintiff's lodestar calculations be substantially reduced to account for what is a reasonable hourly rate for each billing professional and the reasonable amount of hours spent on this litigation, but the final lodestar calculation should be further reduced to account for Plaintiff's overall limited success. In light of Plaintiff's initial demand "in excess of $5 million" (*See* D.E. 1-1, Civil Cover Sheet), counsels' failed attempts to concoct an improper collective action, and Plaintiff's otherwise *de minimis* recovery of only $4,500 **(.0009% of their initial demand)**, this Court should reduce Plaintiff's reasonable attorneys' fees and costs accordingly.

## II.      FACTUAL BACKGROUND

Despite Plaintiff's dramatization to the contrary, this is not a complex case. Although Plaintiff initially attempted to bring a national collective action against Defendant for violations of the Fair Labor Standards Act of 1938, as amended ("FLSA"), those efforts failed. (*See* D.E. 75, 91).[1] After her failed attempt at certifying the class, all that remained were Plaintiff's three counts claiming: (1) Defendant failed to provide Plaintiff notice of the tip credit; (2) Defendant required Plaintiff to perform non-tipped labor unrelated to her tipped occupation; and (3) Defendant

---

[1]     Unless otherwise noted, the citations referring to "D.E." numbers refer to the CM/ECF docket entry numbers associated with the present case, No. 1:19-cv-24706.

required Plaintiff to perform non-tipped labor related to her tipped occupation more than "part of the time" or occasionally. (*See* D.E. 1-2).

On September 20, 2020, the District Court granted summary judgment in favor of Defendant. (*See* D.E. 84). The Court found that there is no genuine issue of material fact regarding Defendant's compliance with the tip credit notice requirements of the FLSA and that Plaintiff failed to provide any evidence showing that she performed "side work" at any time that was not contemporaneous with her tip-related activities. (*See* Id.). On October 14, 2021, the Eleventh Circuit affirmed this Court's decision on the notice claim, but reversed on the issue of Plaintiff's non-tipped labor claims. (*See* D.E. 94; USCA11 Case: 20-13715). Nevertheless, on November 5, 2021, the parties notified the Court that Plaintiff's remaining claims had been resolved. (*See* D.E. 99 & 100). Although the parties amicably resolved the remaining legal issues, the parties specifically noted that they "disagree as to whether either party should be considered the prevailing party," even though Defendant acknowledged that Plaintiff is entitled to *some* reasonable fees and costs. (*See* D.E. 100-1, Exhibit A – Settlement Agreement).

Now, after receiving limited victory—in light of Plaintiff's unsuccessful attempt to make this a collective action and initial demand for more than $5,000,000—through an amicable settlement agreement, Plaintiff's counsel requests a windfall in attorneys' fees, entirely outside the scope of what is reasonable under the circumstances. Counsel attempts to characterize this litigation as "complex" and involving multiple "strategy sessions" with an army of attorneys across the country. In reality, this case presents no novel issues of law and represents straightforward FLSA claims that wage and hour attorneys such as Plaintiff's counsel should have vast experience

in litigating.[2] Therefore, the proposed fees are excessive in light of the simplicity of this FLSA claim for unpaid wages.[3]

### III.  ARGUMENT

The fees sought by Plaintiff are clearly excessive. When measuring the value of an attorney's services for purposes of awarding fees, courts in the Eleventh Circuit use the "lodestar" method. The Court determines the "lodestar" by "multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate." *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1346 (S.D. Fla. 2007).[4] In its analysis, the Court must exclude the hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (internal quotations omitted, emphasis in original). The fee applicant bears the burden of documenting the appropriate number of hours and is not entitled to compensation for unsuccessful claims. *See Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt.*, 385 F. Supp. 2d 1272, 1287 (M.D. Fla. 2005). Thus, to determine the appropriate lodestar figure, this Court must determine the reasonable hourly rate for each attorney and subsequently multiply those rates by the number of hours each attorney reasonably spent, while excluding time spent on unsuccessful claims.

Plaintiff's counsel contends that the appropriate lodestar figures total $346,338 in

---

[2]  Notably, each party only took one deposition (Plaintiff and corporate representative) and served one set of written discovery each. (*See* D.E. 101 at p. 3).

[3]  The wages at issue in this case was the tip credit taken by Denny's. Therefore, the potential damages under each count were the same. Plaintiff's attempt to claim she recovered the full amount for all the counts is misleading.

[4]  Until recently, the factors found in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), were heavily relied on in conducting this analysis, but as the Eleventh Circuit explained in *In re Home Depot*, 931 F.3d 1065 (11th Cir. 2019), the Johnson factors are largely redundant to the analysis because they are generally subsumed in the lodestar standard.

attorneys' fees. However, both the hourly rates and the alleged hours spent on this simple FLSA individual claim are excessive. Accordingly, Defendant respectfully requests that this Court reduce both the hourly rates requested by Plaintiff as well as the overall hours allegedly spent in the lodestar calculations.

### A.  The Hourly Rates Sought by Plaintiff's Counsel Are Unreasonable.

It is true that an attorney's invoice is not the sole measure of a court-awarded attorney fee. *See McGowan v. King, Inc.*, 661 F.2d 48, 50 (5th Cir. 1981). Of great importance, "courts are not permitted to be generous with the money of others, and it is as much the duty of the courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *See FIU v. Fla. Nat'l Univ., Inc.*, No. 1:13-cv-21604, 2019 WL 3412159, at *2 (S.D. Fla. June 17, 2019) (internal citations and quotations omitted). The purpose of statutory fee-shifting is to "fairly compensate counsel for the value of their work," not provide counsel with a windfall. *In re Home Depot Inc.*, 931 F.3d 1065, 1085 (11th Cir. 2019) ("a reasonable fee is one sufficient to attract competent counsel to represent the case, but not one that provides a windfall for attorneys."); *see also Fox v. Vice*, 563 U.S. 826, 837 (2011). Additionally, it is well settled that "[t]he [fee] applicant bears the burden of 'supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Lavine v. Sago Networks, LLC*, No. 8:13-cv-1210, 2014 U.S. Dist. LEXIS 32212, at *7 (M.D. Fla. Feb. 21, 2014) (quoting *Norman*, 836 F.2d at 1303). This means that the party seeking fees bears the burden of demonstrating entitlement, "which generally requires more than an affidavit from an attorney who performed the work." *Grigoli v. Scott Cochrane, Inc.*, No. 8:14-cv-844, 2015 U.S. Dist. LEXIS 97550, at *14 (M.D. Fla. Jul. 1, 2015).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Additionally, the appropriate legal market for determining reasonableness of hourly rates is the area around where the action is pending rather than the area around where the plaintiff's counsel primarily practices. *See Thompson v. Healthy Home Envtl., LLC*, No. 8:15-cv-2905, 2016 U.S. Dist. LEXIS 112353, at *3 (M.D. Fla. Jul. 27, 2016) (stating that the "relevant market" is "the place where the case is filed"). The Eleventh Circuit has explained that "[i]f a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys in that area who are willing and able to handle his claims." *ACLU of Ga.*, 168 F.3d at 437; *see also Parker v. Healthcare Inv. Grp., Inc.*, 272 F. Supp. 3d 1303 (N.D. Ala. 2017) (explaining that an out of area fee applicant must show an absence of lawyers in the area who are willing and able to handle the type of claim).[5]

As "reasonable rates" for this litigation, counsel request astronomically high rates—ranging from $250 and $325 for paralegals, $395 and up for associates, and over $600 and $800 for partners—per hour for the attorneys on this case. While requesting astronomically high hourly rates, Plaintiff has failed to provide credible evidence that these rates are the prevailing market rates in South Florida for similar services by lawyers of reasonably comparable skills, experience, and reputation. Indeed, counsel themselves *admit* in their Motion that the prevailing rate in the Southern District of Florida is lower than what they are requesting. *See* D.E. 101, p. 7 n.4. Additionally, Plaintiff's own fee expert opines that reasonable rates in South Florida range from $350–$550 per hour, and that an hourly rate of $450 for partners and $400 for associates is

---

[5]   This argument is entirely absent from Plaintiff's Motion. In fact, Plaintiff *has* retained local counsel, Mr. Byrne, and hired a local wage and hour practitioner to serve as her fee expert thereby undercutting any argument that out-of-area fees would be reasonable in this litigation.

reasonable. These rates deemed "reasonable" by Plaintiff's expert are considerably lower than the majority of the excessive rates actually requested in this case. *See* D.E. 101-2, ¶ 4.

Numerous courts in the Southern District of Florida have found that a billing rate of $350 to $450 per hour is reasonable in FLSA cases with attorneys of similar experience and background. *See, e.g.*, *Olea v. 305Smokers, LLC*, No. 20-20122-Civ, 2020 Dist. LEXIS 100885, at *7 (S.D. Fla. June 8, 2020) (stating that the relevant market is the place where the case is filed and finding that a $400 hourly rate for a partner, and $135 for a paralegal is reasonable); *Giniewicz v. UR Bath, LLC*, No. 19-CV-61790, 2020 Dist. LEXIS 69567, at *4–5 (S.D. Fla. Aug. 20, 2020) (stating that the relevant market is the place where the case is filed and finding that $350 is a reasonable rate for an attorney practicing law for approximately nine years); *Torres v. Undisputed Constr. Servs., LLC*, No. 1:18-cv-22786, 2019 U.S. Dist. LEXIS 135525, at *7 (S.D. Fla. Aug. 9, 2019) (finding $375 reasonable for an attorney focusing on employment law for over fourteen years); *Garcia v. Anauel Catering, Corp.*, No. 17-22460-Civ, 2018 U.S. Dist. LEXIS 198674, at *6 (S.D. Fla. Nov. 18, 2018) (finding $375 to be reasonable for an "experienced FLSA lawyer").[6]

None of the supporting declarations support the excessive rates—$600, $445, $650, $800, $500, $605 per hour—counsel are requesting. The requested rates fall well outside the range in which courts in the Southern District of Florida award to the most accomplished and seasoned lawyers in the field. *See, e.g.*, *Torres*, 2019 U.S. Dist. LEXIS 135525, at *7 (finding $375 reasonable for an attorney focusing on employment law for over fourteen years). In fact, this Court has found a range of $250–$325 to be a reasonable hourly rate for FLSA claims in the Southern District of Florida. *See Ramos v. Arba Constr., Inc.*, No. 20-25192-CIV, 2021 WL 4482659, at *2 (S.D. Fla. Aug. 25, 2021) (finding $250 to be reasonable hourly rate for an attorney with over five

---

[6]   *See also* cases cited by Defendant's fee expert. (Attached **Exhibit A** at ¶ 19).

years of employment-related practice); *see also Borges v. Papa Hughie's Seafood World, Inc.*, No. 18-62853-CV, 2019 WL 2245477, at *2 (S.D. Fla. Apr. 8, 2019) (finding $325 to be a reasonable hourly rate); *Ayari v. RJ Food Mart, Inc.*, No. 09-60233-Civ, 2010 WL 785304, at *4 (S.D. Fla. Mar. 4, 2010) (same); *Portillo v. H.O.N. Constr. Co., Inc.*, No. 08-CIV-10669039, 2009 WL 10669039, at *2 (S.D. Fla. Sept. 21, 2009) (finding an hourly rate of $300 reasonable based on the "routine nature" of the FLSA matter and the attorney's "limited involvement" in the case).

Additionally, counsels' declarations wholly fail to provide the Court with any information on which to support the requested billing rates. For example, although Mr. Wells' resume is commendable, in requesting fees of $600 per hour he states in a conclusive manner that "[he] and his partners have significant experience in prosecuting complex employee protection cases," (D.E. 101-3, ¶ 8), and fails to point the Court to any cases where courts in the Southern District of Florida have approved his excessively high rate. Mr. Simon, who requests $445 per hour (D.E. 101-4, ¶5), wholly fails to support his hourly rate and fails to identify any case in which the Southern District of Florida has approved his requested rate. Next, Mr. C.P Bendau's declaration (D.E. 101-1) fails to identify any cases in which the Southern District of Florida has accepted the high rates of $445 for Mr. C.P. Bendau and $395 for Mr. C.J. Bendau. Similarly, Mr. Byrne's declaration (D.E. 101-6) fails to identify cases where the Southern District of Florida has approved his requested hourly rate of $605. His declaration additionally states that he was "local counsel," which meant that his role was limited to "help[ing] co-counsel navigate the local rules and practices of the United States District Court for the Southern District of Florida," and "offer[ing] substantive feedback regarding filings and overall strategy." (D.E. 101-6, ¶ 8). Mr. Byrne's limited role in the present litigation fails to support his requested hourly rate of $605. *See*, *e.g.*, *Portillo*, 2009 WL 10669039, at *

(finding an hourly rate of $300 reasonable based on the "routine nature" of the FLSA matter and the attorney's "limited involvement" in the case).

Lastly, and possibly the most concerning, is the declaration of Edward W. Ciolko (D.E. 101-5), which attempts to substantiate an astounding $800 per hour billing rate for Mr. McGraw. Notably, the declaration is silent to how long Mr. McGraw has been practicing law, does not seem to suggest that Mr. McGraw has extensive experience in employment-related litigation (let alone FLSA claims), and fails to point to any cases where the Southern District of Florida has approved his high rate of billing. Mr. Ciolko's declaration similarly fails to validate Ms. Pollock Avery's requested hourly rate of $650 and Mr. Brady's rate of $500, by failing to identify how long Ms. Pollock Avery and Mr. Avery have practiced law, any relative employment-related litigation history, and any cases in which the Southern District of Florida has approved their high rate of billing.

Accordingly this Court should reduce counsels' requested rates within the range of $275 to $400 per hour and the paralegal rate to $150 per hour.

## B. The Hours Submitted by Plaintiff's Counsel Are Unreasonable.

The second component of calculating the lodestar is the number of hours billed, and here too, counsel seeks vastly excessive amounts. In determining the reasonableness of the number of hours to be awarded under the lodestar method, the Court should disallow excessive, redundant, and unnecessary hours. *Norman*, 836 F.2d at 1301. Where, as here, counsel "fails to use [the same] good billing judgment" they would use to bill a "paying client," the Court is "obligated to do it for [them]," to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *ACLU*, 168 F.3d at 428; *see also Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1326–27 (S.D. Fla. 2015) ("At the heart of the reasonable

hours concept is the guidance from the United States Supreme Court requiring fee applicants to use 'billing judgment' in the listing of the hours spent on a case, making 'a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983))).

In the present case, Plaintiff has submitted to this Court that they—a total of ten billing professionals for one simple FLSA unpaid wages case—are entitled to be compensated for a total of 591.15 hours. Even though counsel represents that they exercised billing judgment by electing to cut down on certain attorneys' time and not bill for certain litigation activities, counsels' bills show that, at best, the purported hours were unnecessary and often redundant. Additionally, counsels' bills are replete with billing deficiencies (i.e., vague time entries and block-billed time), as well as time entries that are entirely impossible to decipher what litigation activity they were related to.

By way of example of Plaintiff's excessive and unnecessary billing:

On October 15, 2019, Mr. Simon billed two hours to prepare the Complaint. (D.E. 101-4). Later that day, Mr. C.P. Bendau billed .5 hours to review the draft Complaint. (D.E. 101-1). On November 12, 2019, Mr. Wells block billed 1.75 hours, which partly consisted of "drafting" the Complaint.[7] (D.E. 101-3). On that same day, November 12, Mr. Simon billed 1.2 hours to finalize the Complaint. (D.E. 101-4). On November 21, 2019, Mr. Brady billed .3 hours for reviewing the Complaint. (D.E. 101-5). In total, Plaintiff's counsel billed approximately 5.75 hours for preparing/reviewing/finalizing the Complaint. However, the Complaint filed in this matter (D.E. 1) is almost identical to the complaint Plaintiff filed in her first case against Defendant (*See* Case

---

[7]    Mr. Well also billed .75 on November 13, 2019 for "[o]verse[ing] filing of complaint[.]" (D.E. 101-3).

No. 5:18-cv-2409 (N.D. Ohio) at D.E. 1). In reality, the Complaint in this case was the result of a copy and paste project, which Plaintiff's counsel unreasonably claims took almost six hours.

On January 10 and 13, 2020, Mr. Wells billed 1.25 hours to prepare, and .2 hours to review, a very simple *pro hac vice* motion. (D.E. 101-3). These motions are very common; in fact Plaintiff submitted multiple in this litigation alone.[8] As such, a simple motion that was filed multiple times in this litigation alone is a matter of copy and paste. It defies logic to claim that such an activity takes 1.45 hours.

During the first week of February 2020, Mr. Wells billed 9.25 hours to prepare the single set of written discovery requests Plaintiff served in this case. (D.E. 101-3). That same week, on February 5, Mr. Simons billed 1.5 hours for preparing the same discovery requests. (D.E. 101-4). Mr. Byrne billed 2 hours that week for "attention to", reviewing, and editing the discovery requests. (D.E. 101-6). In total, Plaintiff's counsel, experienced wage and hour attorneys, billed 12.75 hours to prepare their first, and only, set of written discovery on Defendant. Even more shocking is the fact that the discovery served is almost identical to the discovery Plaintiff's counsel *previously* served in a sister tip credit case, *Wintjen v. Denny's*, Case No. 2:19-cv-00069-NR (W.D. PA) (*Compare* **Exhibit B** (Discovery served in the *Wintjen v. Denny's* matter) with **Exhibit C** (Discovery served by Plaintiff)). Once again, Plaintiff's counsel seeks to recover excessive fees for engaging in a copy and paste exercise.

---

[8]   Strikingly, On November 20, 2019, Mr. Hart, a paralegal, billed exactly half of the amount of time—.6 hours—to draft *three* of the same *pro hac vice* motions for three different attorneys. (*See* D.E. 101-5). It is preposterous to believe that a veteran employment lawyer such as Mr. Wells required double the amount of time to draft a single *pro hac vice* motion than a paralegal took drafting three. Even his co-counsel, Mr. Simon, only required .5 hours to draft the same motion. (D.E. 101-4).

On July 15–21, Mr. Wells billed 18.75 hours to prepare for the single deposition Plaintiff took in this case—a 30(b)(6) deposition. (D.E. 101-3). Mr. McGraw billed another 22.1 hours to prepare for this same deposition, including 2.4 hours to revise the deposition notice and 8 hours to organize the deposition exhibits. (D.E. 101-5). On July 16, 2020, Mr. C.P. Bendau billed two hours to prepare for the deposition, although he did not take or even attend the deposition. (D.E. 101-1). In total, Plaintiff's counsel billed 42.85 hours to prepare for a single 30(b)(6) deposition. Again, just a month earlier, Plaintiff's counsel had taken a 30(b)(6) deposition in the *Wintjen* sister case consisting of almost the same topics.[9] (*Compare* **Exhibit D** (Depo Topics in Wintjen 30(b)(6) depo) with **Exhibit E** (Depo Topics in Rafferty 30(b)(6) depo)).

On December 3–7, 2020, Mr. Simon billed "Prep opening brief" three separate times, totaling 24 hours. (D.E. 101-1). Because these time entries are excessive, counsel's time should be reduced accordingly.

On November 25, December 4, December 20, December 23, 2019, January 3, January 13, and January 15, 2020, Mr. C.P. Bendau billed "Review pro hac vice motion . . ." or "Review order granting pro hac vice motion" for his co-counsel on this case. Reviewing simple *pro hac vice* motions and the subsequent orders granting such routine motions is unnecessary and demonstrates excessive billing habits. Mr. Bendau's bills are replete with time entries for reviewing administrative tasks and motions and as such should be reduced.

On July 9, July 30, and August 5–7, 2020, Mr. McGraw billed for research relating to the summary judgment response and drafting the response multiple times, totaling more than 20.1 hours for research and more than 27 hours for drafting. (D.E. 101-5). Additionally, Mr. McGraw

---

[9]   Notably, the corporate representative deposition here consisted of less topics than in *Wintjen* because it only focused on federal law claims, while *Wintjen* included both federal and state law wage claims.

billed 4.9 hours to "Review documents related to summary judgment arguments." (*Id.*). The 52 hours billed by Mr. McGraw was *in addition* to the 33.85 hours Mr. Wells billed on July 24–August 7, 2021 (D.E. 101-3), the 6 hours billed by Mr. Simon on August 7 (D.E. 101-4), and 1.7 hours billed that same day by Mr. Byrne for working on the summary judgment response (D.E. 101-6). Billing over 93 hours (valued at $65,608 based on Plaintiff's proposed rates) on one discrete litigation activity evidences poor billing judgment.[10] As such, Plaintiff's counsel's time should be reduced accordingly. The above examples represent only a small portion of counsel's extreme billing habits. These requested hours are excessive in this simple case and should be reduced.

Not only are counsel's bills excessive, they are also duplicative and redundant. This Court has noted that "[w]hen more than one attorney represents a party, a court *must* deduct from the fee award any redundant hours." *Borges*, 2019 WL 2245477, at *2 (emphasis added). Not only is it unnecessary to have ***eight*** lawyers and two paralegals on a simple FLSA claim, but those ten billing professionals often doubled down on their bills, entering billing entries that were duplicative of each other's time. *See Jones v. Carswell Prop. Maint.*, No. 09-22027-CIV, 2012 U.S. Dist. LEXIS 6045, at *12 (S.D. Fla. Jan. 19, 2012) (finding that the presence of two attorneys at deposition was unnecessary and deducting the duplicative time). Even though the Eleventh Circuit has stated that there is "nothing inherently wrong about a client having multiple attorneys," courts reduce hours when multiple attorneys are "unreasonably doing the same work." *Barnes*, 168 F.3d at 432 (citations and quotations omitted). This means that "[t]he time billed for excessive lawyers in a

---

[10]   Notably, at that point in the litigation, the Court had denied conditional class certification—which was never appealed. Therefore, all that remained was Plaintiff's individual $4,500 claim. Why Plaintiff needed to use three out-of-state partners and spend over $65,000 on a response to a summary judgment is inexplicable.

courtroom or conference when fewer would do, may obviously be discounted." *Id.* Therefore, in order for Plaintiff to recover her excessively redundant fees for her multiple lawyers, she must "show that the time spent by these [multiple] attorneys reflects the distinct contribution of each lawyer to the case." *Bank v. Tien*, No. 04-cv-20834, at *5 (S.D. Fla. Sept. 29, 2015) (citations omitted); *see also Diamons Resorts Int'l, Inc. v. US Consumer Atty's, P.A.*, No. 18-80311-CIV, 2021 WL 4973586, at *4 (S.D. Fla. June 24, 2021) ("Redundant hours generally occur when more than one attorney represents a client.").

For example, in *Pierre-Louis v. Baggage Airline Guest Servs., Inc.*, No. 19-cv-61306, 2021 WL 3710139 (S.D. Fla. Aug. 4, 2021), the Southern District of Florida accurately noted

> In carefully reviewing the time entries, the undersigned takes issue with the duplication of efforts involved in having four lawyers work on the prosecution of this case. Although there is nothing inherently unreasonable about having multiple lawyers work on a single matter, it is inexcusable that multiple attorneys, multiple *partners* in this case, repeatedly billed several hours for the same task. For example, as previously set forth, two partners traveled to Toronto to depose the Ceridian expert, incurring thousands in fees and costs.

*Id.* at *18 (emphasis in original). The court found that it "was excessive for two partners to attend the deposition of the [expert] and bill upwards of ten hours each." *Id; see also Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 160296830-CIV, 2019 WL 469417, at *6–7 (S.D. Fla. Aug. 27, 2019) (noting a lack of billing judgment was evidenced where there were "too many instances of multiple attorneys participating in virtually each task, generally without indicating the unique contribution by any of the billers").

The instant case presents a similar pattern of multiple attorneys' duplicative billing habits. For example, Mr. Wells, Mr. C.P. Bendau, and Mr. Simon all billed for phone meetings on October 7, 2019, and February 14, 2020.[11]

Additionally, Mr. Wells, Mr. McGraw, and Mr. C.P. Bendau all billed for preparation for and attendance at the 30(b)(6) deposition of Defendant's corporate representative. Putting aside counsel's billing deficiencies (block billing and vague time entries), duplicative billing for the same corporate representative deposition is entirely unnecessary and unwarranted and should be reduced. *See, e.g., Jones*, 2012 U.S. Dist. LEXIS 6045, at * (finding that the presence of two attorneys at deposition was unnecessary and deducting the duplicative time). Again, the aforementioned examples represent only a small portion of counsels' redundant and duplicative billing habits. These requested hours are clearly excessive in this simple case and should be reduced.

Next, many of counsels' time entries are block billed, particularly Mr. Wells' time, which often encompasses several distinct tasks. *See Rodriguez v. GeoVera Specialty Ins.*, No. 19-21173-CIV, 2020 WL 6800451, at *6 (S.D. Fla. Nov. 19, 2020) ("'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task.") For example: on November 12, 2019, Mr. Wells billed 1.75 hours for "REV draft complaint; TC R Gray; emails w/ co-counsel (J Simon)"; on November 13, Mr. Wells billed .75 hours for "Oversee filing of complaint; emails w/ co-counsel"; on July 22, Mr. Wells billed 10.75 hours for "PR deposition; TC R Gray; Take 30(b)(6) deposition; TC co-counsel thereafter"; on August 6, Mr. Wells billed 4.75 hours for "PR for mediation; TC w/ co-counsel; Participate in

---

[11]   Interestingly enough, Mr. Bendau billed .3 hours for the "call with co-counsel" while Mr. Simon billed double that amount, .6 hours for the same "Conference call with co-counsel."

mediation"; on August 20 Mr. Wells billed 2.25 hours for "Email from local counsel re to-do list; Call w/ co-counsel; DR response to Def's witness list"; on November 30, Mr. Wells billed 6.25 hours for "RSRCH brief; DR 11th Brief"; on February 2, 2021, Mr. Wells billed 5.75 hours for "RSRCH Denny's case citations; DR reply." These block-billed time entries represent a very small portion of Mr. Well's inappropriately billed time. This type of block-billed time entry makes distinguishing potentially recoverable and barred entries impossible and is a "failure to satisfy" counsels' burden. *Sanford v. Omni Hotels Mgmt. Corp.*, No. 3:16-CV-1578, 2020 U.S. Dist. LEXIS 162109, at *40–42 (M.D. Fla. Aug. 19, 2020) (noting that "[b]oth federal courts and Florida courts frown on block billing because block billing renders determining the reasonableness of time spent on a task impossible, leaving the court to approximate the time that should be allocated to each task").

Finally, a number of time entries are indecipherable, have no adequate description, and do not seemingly relate to any case-related activity. For example, Mr. McGraw's entries often simply state "Conference call," "Call with co-counsel," "Emails," and the like without further description. Mr. Wells' bills contain similar non-descriptive time entries such as "Emails w/co-counsel," "REW ECF filing," and "REW joint motion." Ms. Pollock Avery's time entries include submissions that simply state "Emails" and "Review draft submission." Finally, Mr. Byrne's bills contain the most elusive time entries for litigation activities such as "Attention to scheduling issues," "Attention to discovery issues," and "Attention to mediation and summary judgment briefing." These vague time entries leave Defendant to speculate as to what role Mr. Byrne played in "discovery issues," "mediation," and "summary judgment briefing." The above mentioned time entries are a small sample of the poor billing habits of counsel and are inappropriate time entries. *See Travelers Home & Marine Ins. v. Calhoun*, No. 5:13-cv-251, 2014 WL 1328968, at *8–9

(M.D. Fla. Apr. 2, 2014) (eliminating entries that did not include sufficient particularity to allow the court to determine whether the time expended was reasonable).

Due to the poor billing habits sampled above, the Court—and Defendant—is entirely unable to discern which time entries represent recoverable bills. Consequently, the Court should apply a 50% across-the-board reduction of rates to account for these above-stated deficiencies. *See Off. of the Att'y Gen. v. Moving and Storage Acct. Inc.*, No. 18-CV-63144, 2020 WL 5217183, at *3–4 (S.D. Fla. Aug. 14, 2020) (noting that "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." (citations omitted)); *see also Rodriguez*, 2020 WL 6800451, at *6 (applying an across-the-board reduction in hours to account for impermissible block billing); *Rabco Corp. v. Steele Plaza, LLC*, No. 6:16-cv-1858, 2019 WL 5188601, at *16 (M.D. Fla. July 29, 2019) (recommending fifty percent reduction).

Plaintiff's overall lodestar should be calculated as follows:[12]

| Attorney | Requested Hours | Hours After 50% Reduction | Requested Rate | Reasonable Rate | Lodestar |
|---|---|---|---|---|---|
| G. Wells | 217.75 | 108.88 | $600 | $375 | $40,830 |
| J. Simon | 110.8 | 55.4 | $445 | $350 | $19,390 |
| C.P. Bendau | 71.4 | 35.7 | $445 | $350 | $12,495 |
| C.J. Bendau | 11.6 | 5.8 | $395 | $275 | $1,595 |
| E. Pollock Avery | 15.9 | 7.95 | $650 | $350 | $2,782.50 |
| J. McGraw | 124.6 | 62.3 | $800 | $350 | $21,805 |
| M. Brady | 8.7 | 4.35 | $500 | $350 | $1,522.50 |
| D. Hart[13] | 6.8 | 3.4 | $250 | $150 | $510 |

---

[12]  These proposed rates are in accordance with the testimony of Defendant's fee expert. (*See* attached Exhibit A).

[13]  Mr. Hart is a paralegal. As such, "[p]aralegal fees can be recovered only to the extent that the paralegal performs work traditionally done by an attorney." *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009) (citations and quotations omitted). Therefore, the 1.1 hours Mr. Hart billed for "Creat[ing] plaintiff exhibit list and pull exhibits," and the .5 billed for "Creat[ing] plaintiff witness list" are not recoverable and should be deducted from

| J. Byrne | 31.9 | 15.95 | 605 | $375 | $5,981.25 |
| D. Zulueta[14] | 1.3 | .65 | 325 | $150 | $97.50 |
| **TOTALS** | **600.75** | **480.6** | **$5,015** | | **$107,008.75** |

### C.  The Lodestar Should be Reduced Due to Limited Success.

The Eleventh Circuit has held that even after the calculation of the lodestar figure, the district court retains discretion to alter fee awards. *Baxter v. Automated Gate Sys.*, No. 6:09-cv-350, 2011 WL 1790330, at *1 (M.D. Fla. May 10, 2011); *see also Ocean Sky Limo*, 82 F. Supp. 3d at 1326 ("Determining a reasonable fee . . . is left to the sound discretion of the district judge, to and including the exclusion of excessive or unnecessary work."). Courts have held that even after the appropriate lodestar has been determined "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434. When a plaintiff has partial or limited success, the reasonable fee calculation "may be an excessive amount." *Baxter*, 2011 WL 1790330, *5; (quoting *Hensley*, 461 U.S. at 436).

Although Plaintiff maintains that she is the "prevailing party," such determination has not been made—and is far from the truth—were the parties amicably resolved the remaining legal issues after the district court granted summary judgment in favor of Defendant, the Eleventh Circuit reversed on one discrete issue, and the parties did not agree to name one party the "prevailing party" in the settlement agreement. In light of counsels' initial attempts at making this litigation a collective action, Plaintiff's individual settlement of merely $4,500 (i.e., the results obtained) pales in comparison to counsel's initial demand "in excess of $5 million." Plaintiff's

---

Mr. Hart's overall time.

[14]  Mr. Byrne's Declaration (D.E. 101-6) states that his firm had to devote "minor paralegal resources to the case" and that work was done by Ms. Zulueta. As such, her requested hourly rate of $325 is excessive for paralegal work.

ultimate recovery is **.0009%** of Plaintiff's initial demand. A similar reduction in Plaintiff's fees is appropriate given Plaintiff's limited success. *See James*, 489 F. Supp. 2d at 1353 (reducing lodestar by 50% due to plaintiff's limited success of recovering .5% of the amount initially sought). Thus, the Court should further <u>reduce the above-stated lodestar an additional 50% or more</u> to reflect counsel's limited success.[15] *See Abreu v. Free Flow Constru., Inc.*, No. 18-20244-CIV, 2018 WL 6494719 (S.D. Fla. Oct. 11, 2018) ("If a plaintiff's success is limited, the lodestar should be reduced to reflect the limited result."); *see also Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) ("Accordingly, the district court has discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained."); *James*, 489 F. Supp. 2d at 1353 ("In this case, because the Plaintiff recovered only .5% of the amount initially sought, the Court finds it appropriate to reduce the amount of the lodestar to reflect this limited success.").

### D.  Plaintiff's Costs Should be Reduced to What is Allowed by Statute.

"The costs recoverable by prevailing plaintiffs in FLSA cases . . . are limited to those costs enumerated in 28 U.S.C. § 1920." *Williams*, 657 F. Supp. 2d at 1315. Additionally, Local Rule 7.3(a)(6) requires that Plaintiff submit all *invoices* to support her claim of costs.

Here, Plaintiff utterly fails to document her costs with supporting invoices and instead opts to have the Court take her attorneys' say-so in their self-serving declarations. *See Reyes v. Aqua Life Corp.*, No. 10-civ-23548, 2016 WL 6679805, at *1 n.1 (S.D. Fla. Jan. 4, 2016) (noting that the plaintiff failed to comply with the local rules' requirement of attaching supporting invoices). For example, Mr. Byrne attempts collect $2,231.91 worth of costs, without providing any invoices.

---

[15]  This is even more fitting when considering counsels' inappropriate and vague time entries, making it nearly impossible to decipher what time was spent on actually litigating Plaintiff's individual claims versus the time spent attempting to organize and bring the collective action.

Additionally, Mr. Byrne lists approximately $330 worth of Federal Express delivery charges, which are not taxable under § 1920. (*See* D.E. 101-6). The declaration of Mr. Ciolko lists $2,128.75 that are, again, unsupported by actual invoices. (See D.E. 101-5). To add insult to injury, Mr. Ciolko lists over $1,000 for "Transcript(s)" without specifying which transcripts these payments went to and lists $800 for "Mediation Fee," which is not taxable under § 1920. (*See Id*.). Next, Mr. Simon lists $1,633.45 in costs, without providing any supporting invoices. Indeed, Mr. Simon lists $400 for "Litigation Resolution," which Defendant is unable to decipher what this is for.[16] (*See* D.E. 101-4). Mr. Wells's declaration is the most confounding of them all, merely stating that he incurred $3,504.41 worth of named costs, without providing the Court with even a simple numerical breakdown of where those costs went, let alone supporting invoices. (*See* D.E. 101-3, ¶ 31). Finally, Mr. Bendau simply states that he is owed $50 in costs, without providing the Court an invoice. (D.E. 101-1). To the extent Plaintiff submits invoices after this response is filed, the Court should reject this late attempt as it deprives Defendant of the opportunity to respond.

Defendant respectfully submits that Plaintiff has entirely failed to support any of her stated costs with required invoices and thus, her requests for costs should be entirely rejected. In the alternative, this Court should only award Plaintiff with those costs that are recoverable under § 1920, listed above.

IV.     **CONCLUSION**

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion for Award of Attorney's Fees and Costs in whole. Should the Court determine Plaintiff's counsel is entitled to some reasonable fees, that amount should be no more than $53,504.38.

---

[16]   If Mr. Simon is attempting to collect $400 for mediation, this is not taxable under § 1920, and would be duplicative of Mr. Ciolko's attempt to collect $800 for "Mediation Fee."

Dated: December 22, 2021          Respectfully submitted,

By: */s/ Luis A. Santos* _____

    Todd S. Aidman
    Florida Bar No. 173029
    taidman@fordharrison.com
    Luis A. Santos
    Florida Bar No. 84647
    lsantos@fordharrison.com
    **FORDHARRISON LLP**
    101 E. Kennedy Boulevard
    Suite 900
    Tampa, Florida 33602
    Telephone: (813) 261-7800
    Facsimile: (813) 261-7899

    Attorneys for Defendant Denny's, Inc.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on December 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

John R. Byrne, Esq.
johnbyrne@leoncosgrove.com
León Cosgrove, LLP
255 Alhambra Circle, Suite 800
Miami, Florida 33134

Clifford P. Bendau, II, Esq.
cliffordbendau@bendaulaw.com
Vendau & Bendau PLLC
P.O. Box 97066
Phoenix, AZ 85060

Gerald D. Wells , III, Esq.
gwells@cwglaw.com
Connolly, Wells & Gray, LLP
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19046

James L. Simon, Esq.
jameslsimonlaw@yahoo.com
Law Offices of Simon & Simon
6000 Freedom Square
Freedom Square II – Suite 165
Independence, Ohio 44131

Edward W. Ciolko, Esq.
eciolko@carlsonlynch.com
James P. McGraw, III, Esq.
jmcgraw@carlsonlynch.com
Matthew D. Brady, Esq.
mbrady@carlsonlynch.com
Carlson Lynch, LLP
1133 Penn Ave, 5th Floor
Pittsburgh, PA 15222

        */s/ Luis A. Santos* _____
        Attorney

WSACTIVELLP:12779761.1