**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| LINDSAY RAFFERTY, on behalf of herself and all others similarly situated, known and unknown, | : : : : |
| Plaintiff, | : Case No. 1:19-cv-24706-DLG : |
| v. | : : |
| DENNY'S INC., a Florida Corporation, | : : |
| Defendant. | : : |
| _____/ | : : |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)**

Plaintiff, Lindsay Rafferty ("Plaintiff" or "Ms. Rafferty"), by and through her undersigned counsel, files this Reply in support of Motion for Award of Attorneys' Fees.

As illustrated in Plaintiff's Motion for Award of Attorneys' Fees and Costs (D.E. 101) ("Motion"), Plaintiff prevailed in this matter as a result of having recovered under the Settlement Agreement, which the Court approved. Plaintiff's counsel's lodestar is reasonable given the immense amount of attorney time this matter required, including briefing and supplemental briefing before the Eleventh Circuit. Accordingly, this lodestar should not be adjusted because Plaintiff obtained her maximum recovery on the merits in this matter, having recovered all of her actual damages claimed in this matter, along with full liquidated damages. Indeed, as set forth in Plaintiff's opening submission, Plaintiff's counsel obtained more in the settlement than Plaintiff would have been able to recover had the matter proceeded to trial. (D.E. 101, pg. 17).

Despite these facts, and in an example of sheer chutzpah, Defendant Denny's, Inc. ("Denny's") asserts that Plaintiff's attorneys over-staffed this case by having "an excessive and unnecessarily large team comprised of *eight* lawyers" from "across the country." (D.E. 103, at p. 1) (emphasis in original). Yet, a review of the docket for this matter reveals that Defendant itself had *five* attorneys from three different states appear on behalf of Defendant. Moreover, Defendant failed to comply with the Local Rules when opposing Plaintiff's Motion because it did not have "its counsel . . . submit an affidavit giving its firm's hourly rates for the matter . . . ." Local Rule 7.3(a). "Courts have determined that a failure to comply with the requirements of Local Rule 7.3 is grounds for granting the requested fees." *Monterey at Malibu Bay Condo. Ass'n v. Empire Indem. Ins. Co.*, No. 20-cv-24587, 2021 U.S. Dist. LEXIS 211116, *6 (S.D. Fl. Nov. 2, 2021) (collecting cases). Seeking to obfuscate this omission, Defendant spends much of its opposition trying to justify their seemingly arbitrary request of a 50% reduction in Plaintiff's attorneys' hours. As set forth below and in the Motion, the hours expended in this matter were eminently appropriate and should not be reduced.[1]

**I.      The Court's approval of the Settlement Agreement leaves no doubt that Plaintiff is the prevailing party.**

Beyond citing the Settlement Agreement's provision that the parties "disagree as to whether either party should be considered the prevailing party," Defendant provides zero authority or support to show that Plaintiff is anything *but* the prevailing party. Indeed, none exists.

Rather, as discussed in Plaintiff's Motion, courts in this Circuit recognize that, "[w]here the parties have agreed to settle an FLSA dispute, the plaintiff, in order to be considered a

---

[1] As set forth in the Motion, Plaintiff's counsel has exercised billing judgment and did not seek reimbursement of all hours expended on this matter. Indicative of that fact, Plaintiff's counsel is not seeking any compensation for time expended on this reply.

prevailing party, must obtain a stipulated or consent judgment from the court 'evincing the court's determination that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Milie v. City of Savannah*, 2020 WL 4041118, *3 (S.D. Ga. July 16, 2020), *quoting Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (internal quotations omitted). Here, the Court has determined that "the compromise reached by the Parties under the Settlement Agreement is a fair and reasonable resolution of the Parties' bona fide dispute," (D.E. 102), and "Defendant acknowledges and agrees that Plaintiff is entitled to reasonable attorneys' fees and costs." (Settlement Agreement, D.E. 100-1, at ¶ 12). Under similar circumstances, the court in *Milie* unequivocally held that the plaintiffs therein were the prevailing parties under the standard set forth by the Eleventh Circuit in *Mayer*.

Thus, as in *Milie*, Plaintiff here is a prevailing party and entitled to an award of her reasonable attorneys' fees and costs. The only remaining inquiries are (1) calculating the lodestar, and (2) adjusting the lodestar to account for the results obtained. *Atlanta Journal and Constitution v. City of Atlanta Dept. of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

## II. PLAINTIFF'S COUNSEL HAS PROVIDED THE COURT WITH THEIR ADJUSTED LODESTAR, WHICH IS PRESUMED TO BE REASONABLE UNDER SUPREME COURT PRECEDENT.

### A. Plaintiff's counsel's lodestar is presumed to be reasonable, and the disparity between Plaintiff's recovery and requested fees is immaterial to the determination of an award of reasonable attorneys' fees and costs.

Defendant does not contest Plaintiff's assertion that attorneys' fees and costs should be governed under the lodestar method by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining an award of attorney fees in an FLSA action, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Saizon v. Delta Concrete Products*

3

*Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). To that end, Plaintiff's counsel provided the Court with their lodestar–the hours expended multiplied by their hourly rates. (*See* D.E. 101).

While the amount of unpaid wages at issue in this case is small when compared to the attorneys' fees requested, that fact serves only to highlight the importance of the FLSA's attorneys' fees provision. Employers, such as Defendant[2] in this matter, can afford to hire an unlimited number of lawyers on a non-contingency basis. Minimum wage employees generally cannot.

> The purpose of the FLSA attorney fees provision is to insure effective access to judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Since such claims frequently are for small amounts of money, ***courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourages the vindication of congressionally identified policies and rights***. Indeed, we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.

*Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (internal quotation marks and citations omitted) (emphasis added). Indeed, the Eleventh Circuit cites *Fegley* for the proposition that "there is inherent value in enforcing the FLSA" and that a fees award should not necessarily bear relation to the amount of money actually recovered by an FLSA plaintiff. *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 806 (11th Cir. 2020).

Here, Plaintiff's counsel has provided their lodestar calculation based on the hours they worked and the hourly rates they have been awarded as commensurate with their skills, as determined by federal district courts across the country. Plaintiff's lodestar reflects the time that Plaintiff's counsel spent litigating this case, downwardly adjusted by Plaintiff's counsel to account for reduced success on conditional certification, and the foregoing authority justifies awarding the requested amount.

---

[2] Denny's Inc.'s 2020 10k reported $288,605,000 in operating revenue for the previous fiscal year. http://investor.dennys.com/investor-relations/sec-filings/sec-filings-details/default.aspx?FilingId=14759707 (last viewed December 27, 2021).

### B. This case presented complex issues that required a team of competent attorneys to work together to successfully obtain a reversal and recovery for Plaintiff.

Defendant poses numerous arguments in support of its request for a reduction in hours expended, none of which have merit. As an initial matter, Defendant failed to comply with Local Rule 7.3(a) insofar as it failed to "describe with reasonable particularity each time entry . . . to which it objects."[3] Rather, Defendant cites a few discrete time entries for its meritless proposition that Plaintiff's attorneys' time should be reduced by 50%. Defendant's own examples offer no support for this proposition.[4] By way of example, Defendant asserts that since this case was originally filed in the Northern District Court of Ohio, the operative complaint in this matter was simply a "copy and paste project." (D.E. 103, at pgs. 10-11). In doing so, Defendant ignores the fact that the operative complaint in this litigation contains claims that were not asserted in the complaint filed in the Northern District of Ohio, such as Plaintiff's tip credit notification claim.

---

[3] Importantly, "[c]ompliance with Local Rule 7.3 is not optional", *Carnival Corp. v. McCall,* No. 18-24588, 2021 U.S. Dist. LEXIS 79543, *10 (S.D. Fl. April 26, 2021), and a failure to provide specific objections to every time entry Defendant finds fault with should largely doom Defendant's opposition. *See, e.g., Rodriguez v. Super Shine & Detailing, Inc.,* No. 09-23051, 2012 U.S. Dist. LEXIS 80214, *20 (S.D. Fl. June 11, 2012) (although conducting an independent analysis, "considering that the Defendants have not raised specific objections to those billing records," finding "the number of hours billed . . . by Plaintiff's Counsel is reasonable."); *see also Hoyos v. Albertelli,* No. 17-24515, 2019 U.S. Dist. LEXIS 31391,*6 (S.D. Fl. Feb. 27, 2019) (objections to "hourly rates and billing entries should be rejected" due to opposing party failing to comply with Local Rule 7.3).

[4] Although district courts have used higher percentages, the Eleventh Circuit has held that a district court did not abuse its discretion when it applied a 10% reduction in block-billed hours. *Ceres Environmental Servs., Inc. v. Colonel McCrary Trucking, LLC,* 476 F. App'x 198, 203 (11th Cir. 2012). Given the meager number of time entries Defendant has actually objected to (when considering the hundreds of time entries actually submitted), Plaintiff respectfully submits that should any reduction be deemed appropriate, the number is closer to 10 percent rather than Defendant's requested 50 percent. *See, e.g., GBS Inv. Grp. v. United Specialty Ins. Co.,* No. 18-23310, 2020 U.S. Dist. LEXIS 145011, *12 (S.D. Fl. Aug. 11, 2020) (collecting cases and recommending a 10% reduction due to "missed entries . . . occasional vague descriptions, and periodic block billing entries.").

With respect to Defendant's specific objections to certain time entries, it bears noting that Defendant does not lodge specific objections to the overwhelming majority of Plaintiff's counsel's time entries. This failure is generally deemed fatal. *Meyrowitz v. Brendel*, No. 16-81793, 2018 U.S. Dist. LEXIS 157968, *10 (S.D. Fl. Sept. 17, 2018) ("Failing to lodge specific objections is generally deemed fatal.") (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F. 3d 1387, 1389 (11th Cir. 1997)).

Regarding specific entries to which Defendant did lodge specific objections, Defendant contends that Plaintiff's counsel's attorneys' fees should be reduced because they engaged in "block billing" and because some of counsel performed some work on the same tasks and therefore must have submitted "duplicative" entries. (D.E. 103, at pg. 13). However, each of these entries is sufficient for the Court to reasonably determine the tasks performed. Moreover, "block billing is not inappropriate *per se* when the party seeking fees meets the basic requirements of 'listing his hours and identifying the general subject matter of his time expenditures.'" *Lopez-Valenzuela v. Maricopa County*, 2015 WL 12811366, *4, *quoting Fischer v. SJB P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2007). *See also Hensley v. Eckerhart*, 461 U.S. 424, 437 n. 12 (1983) ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures"). Further, courts in this Circuit have determined that it is not improper block billing if "the tasks are frequently intertwined or otherwise sufficiently related to one another to warrant summary in a single time entry." *Henns v. Mony Life Ins. Co. of Am.*, No. 11-cv-55, 2012 U.S. Dist. LEXIS 63622 (M.D. Fl. April 13, 2012).

Here, as is clear from the billing submitted, Plaintiff's counsel's time records are detailed and clearly allow the Court to make a reasonable determination of the time and subject matter of

the tasks performed. For example, Defendant complains of an entry by Mr. Wells on July 22 where he billed for the preparation of a deposition, the taking of the Rule 30(b)(6) deposition, and a call with co-counsel thereafter. (D.E. 103, at p. 15). However, it is clear from that entry that the tasks were "sufficiently related to one another to warrant summary in a single time entry." *See Henns supra.* Other complaints of block billing are similarly unavailing. *See. e.g.,* DE 103, p. 16 (complaining of Mr. Wells time entry for November 30, where he billed for researching brief and drafting Eleventh Circuit brief under a single entry).

Further, Plaintiff's counsel has already declared to the Court that they have stricken from their fee request any items that were duplicative. (D.E. 101, at pg. 13) While some of Plaintiff's counsel did collaborate on certain matters relative to this case, they did not duplicate each other's work. Moreover, there is nothing unreasonable *per se* about two attorneys performing work on the same task. *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort"). *See also*, *Lopez-Valenzuela*, 2015 WL 12811366, *4. Therefore, Defendant's block billing argument is without merit.

Defendant generally contends that counsel spent too much time on various tasks, therefore justifying a reduction in hours. Plaintiff's counsel's motions, memoranda, and other documents submitted to this Court contained few to no typographical errors and contained all necessary and accurate legal and factual support. All of these skills and details take time and focus to complete, and often attorneys must spend sufficient time in order to ensure that the product they submit meets federal court submission standards. Counsel spent the requisite hours to achieve success for their client and were successful in obtaining reimbursement for all hours Defendant claimed a tip credit for. Accordingly, a reduction is not warranted. Indeed, given that Defendant itself had

five attorneys appear on the "Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice" (D.E. 100), the Defendant is in no position to complain of instances where Plaintiff's attorneys collaborated on substantive submissions. (*See, e.g.,* D.E. 103, at pgs. 12-13) (complaining of number of attorneys who worked on opposition to summary judgment).

### III. HAVING PREVAILED ON APPEAL, PLAINTIFF'S COUNSEL OBTAINED THE MAXIMUM RECOVERY FOR PLAINTIFF.

#### A. Plaintiff's counsel recovered all unpaid wages due and owing to Plaintiff in this matter and therefore obtained absolute success.

This Court should ignore Defendant's oft-repeated, but inaccurate, statement that Plaintiff only recovered "just $4,500" while demanding "more than $5,000,000." (*See*, *e.g*., D.E. No. 103, at pgs. 1-3, 18-19). Defendant attempts to equate the initial amount listed on the civil cover sheet as the damages estimated for a nationwide collective action with a "demand" made on behalf of Plaintiff. This is demonstrably false. Defendant inappropriately compares Plaintiff's initial civil cover sheet to her ultimate recovery and uses the difference between those two numbers to create a false gauge of success. Defendant emphasizes Plaintiff's recovery of ".0009% of their initial demand." In doing so, Defendant wholly disregards that, ultimately, Plaintiff recovered more than 100% of Plaintiff's unpaid wages. Indeed, Defendant purposely ignores the fact that it agreed to pay Plaintiff *more* than she would have recovered had this matter proceeded to trial. Hence, it cannot be said that Plaintiff's counsel only recovered a *de minimis* amount when it recovered Plaintiff's maximum damages. Defendant's attempt to create a false equivalency between the initial civil cover sheet and Plaintiff's recovery should be denied. To the extent Plaintiff did not achieve her desired result of collective certification, Plaintiff's counsel does not seek reimbursement for that time. There is simply no correlation between the amount listed on Plaintiff's initial cover sheet and the hours submitted by Plaintiff's counsel.

The reality is that there is no dispute that Plaintiff's counsel recovered all unpaid wages due and owing to Plaintiff, fully liquidated, and therefore achieved the maximum success possible in this case. The lodestar at issue is simply the hours that Plaintiff's counsel expended in prosecuting this case through appeal to the Eleventh Circuit.

### B. This Matter Involved Issues of Complexity, Novelty, and Importance Regarding the 80/20 Rule.

Defendant expends an extraordinary effort trying to pitch to the Court that the reversal Plaintiff's counsel obtained on appeal was no more than "a routine version of hundreds of similar tip credit cases which have been filed in Florida over the past few years." (D.E. 103, at pgs. 1-2). Were that the case, Plaintiff's counsel's significant efforts on appeal would not have been necessary because, by definition, the Court would never have granted summary judgment in favor of Defendant in the first place, and an appeal to the Eleventh Circuit would not have been needed.

Issues surrounding *Auer* and *Skidmore* deference, particularly with regard to the 80/20 tip credit rule, are incredibly complex and have been hotly contested in district courts throughout the country. Indeed, one of Plaintiff's counsel, Clifford P. Bendau, II, has been counsel of records on three major opinions issued by the Ninth, Tenth, and Eleventh Circuits regarding this exact issue and its evolution since 2015. *See, e.g.*, *Marsh v. J. Alexander's Marsh v. LLC*, 905 F.3d 610 (9th Cir. 2018) (reversal en banc), *Romero v. Top-Tier Colorado, LLC*, 849 F.3d 1281 (10th Cir. 2017) (reversal), and *Rafferty v. Denny's, Inc.*, 14 F.4th 1166 (11th Cir. 2021) (reversal). With regard to this issue alone, which has evolved just in the course of this matter being litigated, it simply cannot be said that this was simply a routine issue litigated hundreds of times.

Indeed, Defendant's assertion that this was somehow a routine FLSA case is belied by the fact that the Eleventh Circuit was called to opine on several distinct issues. Moreover, Defendant itself involved two separate law firms and five attorneys from three different states to defend this

9

action. Defendant's own actions lay bare how non-routine this matter really was. Indeed, even while this matter was pending before the Eleventh Circuit, the appellate court requested additional information from the parties – further evincing the fact that this case was anything but routine.

## IV. CONCLUSION

Considering the foregoing, the Court should award Plaintiff her total attorneys' fees in the amount of $346,338, and costs in the amount of $9,548.52, for a total of $355,886.52.

RESPECTFULLY SUBMITTED, this 29th day of December, 2021.

**John R. Byrne**_____
John R. Byrne, Esq.
jbyrne@leoncosgrove.com
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (305) 740-1975

Edward W. Ciolko, Esq.
eciolko@carlsonlynch.com
**LYNCH CARPENTER, LLP**
1133 Penn Ave, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243

Gerald D. Wells , III, Esq.
gwells@cwglaw.com
**CONNOLLY WELLS & GRAY, LLP**
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (610) 822-3700

Clifford P. Bendau, II, Esq.
cliffordbendau@bendaulaw.com
**VENDAU & BENDAU PLLC**
P.O. Box 97066
Phoenix, AZ 85060

James L. Simon, Esq.
jameslsimonlaw@yahoo.com
**LAW OFFICES OF SIMON & SIMON**
6000 Freedom Square

Freedom Square II – Suite 165
Independence, Ohio 44131

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will transmit a copy to all counsel of record.

**John R. Byrne**
John R. Byrne